### No. 10,434.

### PARRISH *v.* THURSTON.

FRAUD.—*Replevin.*—*Demand.*—A vendor may reclaim property obtained from him by fraud, and may maintain replevin therefor, unless the property has passed into the hands of a *bona fide* purchaser, and no demand is necessary before suit.

SAME.—*Contract of Sale.*—*Tender.*—*Promissory Note.*—Where there are two men of the same name, and A. exchanges with B. a note with that name signed to it, for property, knowing that B. acts upon the belief that the signature is that of one who is wealthy, and A. knows this, and that it bears the signature of the other man of that name, A.'s silence is fraud, and B. may rescind the contract by tendering the note and demanding the property; and if refused may maintain replevin.

SAME.—*Evidence.*—*Conversations.*—*Name.*—*Signature.*—In such case evidence is admissible that there was but one person in the county bearing the name of the maker of the note, that he was wealthy, that the signature to the note resembled his, that B., in fact, believed the signature to be his, and that the real maker was A.'s brother, residing in another county. So, also, to show that A. knew who made the note, his conversations with others as to the identity of the maker are admissible, though these conversations tend to show an attempt by him to perpetrate a like fraud on others.

SALE.—*Mistake.*—*Contract.*—When both the seller and buyer believe the note given for the sale of property to be that of a certain person when it is really that of another, the contract of sale will be set aside for mistake.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stilwell,* for appellant.

*B. F. Love,* —— *Major* and *H. C. Morrison,* for appellee.

ELLIOTT, J.—The case made by the evidence of the appellee, the plaintff below, shortly stated, is this: In May, 1881, he sold to the appellant a buggy and a set of harness, and received in exchange a promissory note signed E. K. Parrish; at that time there was a man living near the city of Shelbyville, the place where the sale was made, named E. K. Parrish; he was a well known and wealthy citizen, known to both parties; the signature to the note closely resembled that of this E. K. Parrish, but was, in fact, that of E. K. Parrish of Hamilton county, a brother of appellant, and a man entirely unknown to the appellee; the latter believed he was bargaining

for and receiving the note of the Shelby county E. K. Parrish, and the former knew, as the circumstances fairly indicate, that the appellee was contracting in the belief that he was getting the note of the Shelby county man; a day or two after the exchange appellee informed appellant of his mistake, tendered back the note and demanded the property.

It is our opinion that the evidence warranted the trial court in concluding that the appellant secured appellee's property by fraud. Circumstances were proved from which fraud might well be inferred, and circumstances often prove fraud quite as satisfactorily as direct evidence.

Fraud may consist in conduct, and may exist where there are no positive representations. Silence, where honesty requires speech, may sometimes constitute fraud. The rule that a man may be silent and be safe is by no means a universal one. Where one contracting party knows that the other is bargaining for one thing, he has no right by silence to deceive him and suffer him to take an altogether different thing from that for which he bargains. It is fraud to knowingly conceal the truth and cause property to be parted with in the belief that the consideration received for it is the note of one man, when, in fact, it is that of another and different person. A vendee who obtains property by such means is guilty of fraud. Where both the seller and the buyer believe the note to be that of one man, when, in reality, it is that of a different person, the contract will be set aside upon the ground of mistake. In truth there can not be said to be a contract, for there is an entire absence of the essential element of mutual assent. *Bowen* v. *Sullivan*, 62 Ind. 281; *Gardener* v. *Lane*, 9 Allen, 499; *Kyle* v. *Kavanagh*, 103 Mass. 356 (3 Am. R. 560); *Harvey* v. *Harris*, 112 Mass. 32; *Chanter* v. *Hopkins*, 4 M. & W. 399; *Boston Ice Co.* v. *Potter*, 123 Mass. 28 (25 Am. R. 9). It is a plain principle of natural justice that a man should have the thing for which he bargains. Where the seller knows that the buyer is getting an altogether different thing from the one he bargains for, and, possessing this knowledge, remains

silent, he is guilty of fraud. The element of knowledge distinguishes the case from one of a mistake, and brings it within the general rule thus stated by Story: "So, also, in a contract of sale, if the vendor knowingly allow the vendee to be deceived as to the subject-matter of the sale, his silence will, under certain circumstances, be considered fraudulent; for, although a vendor is not bound to give the vendee all the information which he possesses, yet he is not, therefore, to be permitted to be silent when his silence operates virtually as a fraud." Story Sales, section 176. In a late edition of this work this clause has been added to the section from which we have quoted; "And no actual representations are necessary if the fraudulent design exists, if the goods are purchased under circumstances designed to deceive the vendor, and induce him to part with them."

A vendor may reclaim property obtained from him by fraud, and may maintain replevin. This rule does not, of course, extend to cases where the property has passed into the hands of a *bona fide* purchaser. *Buffington* v. *Gerrish*, 15 Mass. 156 (8 Am. Dec. 97; *Thurston* v. *Blanchard*, 22 Pick. 18 (33 Am. Dec. 700); Story Sales, section 172.

Where personal property is obtained by fraud, the owner may maintain an action for its recovery against the wrong-doer without a demand. Wells Replevin, section 367. In this case, however, it was necessary to tender back the note received, and, perhaps, to request a rescission, but no precise set of words was necessary, nor was any formal demand. An offer of the note, accompanied with information of the mistake as to the identity of the maker, and a request for rescission, however informal, was sufficient, and upon this point the evidence is full and satisfactory.

Evidence is often relevant which does not bear immediately upon the particular transaction out of which the cause of action springs. It must conduce to the proof of the principal fact, but it need not be confined to matters immediately connected with that fact. Stephen Ev. 5, 12; 1 Whart. Ev.,

sections 21 and 27. Under this rule it was proper for the appellee to give evidence that there was only one E. K. Parrish living in Shelby county; that he was a man of great wealth; that his signature resembled that affixed to the note received by the appellee. These subsidiary facts all tended to establish the principal fact that the appellee took the note believing it to be that of the Shelby county Parrish. For the same reason it was competent to prove the residence, circumstances. and relationship of the E. K. Parrish of Hamilton county.

An important element of the appellee's case was the knowledge of the appellant that the signer of the note was the Hamilton county Parrish, and, for the purpose of proving that he possessed this knowledge, it was proper to give evidence of a conversation wherein he disclosed that knowledge. It is, in general, true that one cause of action can not be made out by proving another; but where knowledge is an essential element of a cause of action, evidence of facts showing such knowledge is relevant and proper, even though they may tend to establish a distinct attempt to perpetrate a fraud of a character similar to that upon which the action is grounded. 1 Whart. Ev., sections 30, 33; Stephen Ev. 18; 1 Greenl. Ev., section 53. It was proper, therefore, to permit the appellee to prove by the witnesses McCarty and Mefford the conversations they had with the appellant concerning the identity of the maker of the note.

The appellee was permitted to testify that he believed the note delivered to him for his property was that of E. K. Parrish, of Shelby county, and we regard this ruling as correct. It is, perhaps, generally true that belief or understanding is to be inferred from circumstances, but to this general rule there are well marked exceptions, and this case is within the exception. 1 Whart. Ev., sections 33, 508; *Shockey* v. *Mills,* 71 Ind. 288 (36 Am. R. 196); *Watkins* v. *Wallace,* 19 Mich. 57; *Miner* v. *Phillips,* 42 Ill. 123. The case of *Thorn* v. *Helmer,* 2 Keyes, N. Y. 27, is strongly in point.

Judgment affirmed.