Brown v. Loesch.

## No. 207.

## BROWN v. LOESCH.

EXECUTION.—*Levy.*—*Possession.*—A sheriff or marshal who makes an authorized levy upon goods under an execution or attachment acquires thereby a special property in the goods of the defendant, on which the levy is made, and the officer is entitled to the possession and control of the property as against a purchaser from the execution defendant until the writ is satisfied or the levy abandoned.

SAME.—*Retention of Goods by Execution Defendant.*—*Abandonment of Levy.*—The fact that the officer, without fraud, has left the goods in the care of the execution defendant, will not·constitute an abandonment of the levy.

SAME.—*Receipt by Officer of Subsequent Writ.*—*Effect of.*—When property is in the actual or constructive possession of the officer by virtue of a levy, the receipt by him of a subsequent writ operates as a constructive levy thereof upon the property so in his possession.

REPLEVIN.—*Purchaser after Levy.*—*Subsequent Satisfaction of Judgment.*—The plaintiff purchased of an execution defendant property which the sheriff had levied on to satisfy the judgment, with knowledge thereof. Subsequently the property was attached by the same officer at the suit of another creditor, and the plaintiff, without first satisfying the judgment, instituted an action of replevin.

*Held,* that the action would not lie, and that the action was not sustained by a subsequent satisfaction of the judgment.

From the Floyd Circuit Court.

*G. A. Bicknell, J. A. Stotsenburg* and *E. B. Stotsenburg,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

BLACK, J.—The appellant sued the appellee to recover the possession of certain personal property used in connection with a brewery. There was an answer of general denial, and a verdict was returned for the appellee. The appellant's motion for a new trial was ·overruled.

In 1886, a judgment for $1,855, and costs, was obtained by one Louis Burger, in the circuit court of the United States for the District of Indiana, against the New Albany

Brewing Company, on which Gerhard Brown, the appellant, became replevin bail, and an execution was issued thereon on the 29th of July, 1887, against the property of said company and of said replevin bail. On the 3d of August, 1887, this execution was levied on the goods involved in the case at bar, being the property of said company. The deputy marshal, one Ward, when he made the levy, placed the property, which was in a brewery, in charge of a watchman. Five days afterwards, on the 8th of August, 1887, the sum of $900 was paid on said execution, and its receipt was endorsed thereon by the marshal by his deputy, one Miller, who thereupon discharged said watchman. The appellee was a deputy United States marshal and sheriff of Floyd county. He was present when the execution was levied. He testified that when said Miller discharged said watchman he put the property in the appellee's charge until the balance should be paid, and that the balance was to be paid in thirty days; that Miller and the appellee, when said sum of $900 was paid on the execution, went to the brewery, and two of the members of the company and the two watchmen were there, and Miller said to the watchmen, in presence of said two members: "Boys, you are now discharged. This matter has been settled." Then, said witness testified, the watchmen and said Miller and the appellee went away, "leaving the property in the possession of the brewing company." Continuing, the witness testified: "There was nothing said to them about Miller retaining possession, but Miller afterwards told me to watch over the property, and I considered myself the custodian of it. I thought I had constructive possession until the balance was paid on the execution, and that balance was paid on the 15th of September, 1887. I never meddled with the property after the $900 was paid."

One of said members of the company, who was present at the time of the discharge of the watchmen, testified,

among other matters, that on that occasion nothing was said about the possession of the property.

Said brewing company had been unsuccessful in business, and there had been a change in the name by which the concern was known and changes in the membership of the company. Besides said judgment, it owed many other debts. The appellant was the father-in-law of one of the members of the company, one Gebhart, at whose request the appellant had become replevin bail.

On the 27th of August, 1887, at Louisville, Kentucky, a bill of sale for said property was executed to the appellant by the New Albany Brewing Company and the Gebhart and Bate Brewing Company, one of the names by which the concern was known, the consideration therein expressed being the payment by the appellant of a certain sum to one of the members of the company and the undertaking of the appellant to pay said Burger judgment, and certain acceptances of said Gebhart and Bate Brewing Company to certain persons in Louisville, and certain ice bills due from said company to a person in New Albany, and the sum of one dollar cash in hand paid to the vendors. There was evidence that the consideration mentioned in said bill of sale was paid by the appellant, the balance of said Burger judgment being paid by the appellant to the United States marshal through his deputy, said Miller, on the 15th of September, 1887. And it appeared in evidence that said execution, on the date last mentioned, was returned fully paid and satisfied.

On the 30th of August, 1887, three days after the execution of said bill of sale, one of the creditors of the concern whose claim was not provided for in the bill of sale, the Williams Malt Company, in an action brought by it in the court below against said brewing company by its various names and certain persons composing it, caused a writ of attachment to issue to the appellee as sheriff, against the property of the defendants therein, under which writ, on the 1st

of September, 1887, the appellee, as such sheriff, attached said goods as the property of the attachment defendants. He did not take the property away from the brewery, but made a formal attachment, and had the property inventoried and appraised.

On the day on which said attachment was so levied the appellant commenced the case at bar.

The defence proceeded upon two theories : *First.* That the sale to the appellant of the goods subsequently attached was made to defraud the creditors of the brewing company who were not provided for in the bill of sale, among them the attachment plaintiff; and, *Second.* That at the time of the sale to the appellant by the brewing company, and at the commencement of the action of replevin, the property was subject to the levy of the execution under the Burger judgment against said company, and in the possession of the appellee as a deputy marshal.

We have carefully examined the evidence, and as to the first ground of defence it must be said that the state of the evidence is such that a finding either way upon the question of fraud could not be disturbed by this court. We can not say that there was no evidence tending to prove fraud.

As to the second ground of defence above stated, the evidence affecting which we have recited, it is contended on behalf of the appellant that at the time of the payment of $900 on the execution, before the sale to the appellant, the levy of the Burger execution was abandoned, and the possession of the goods returned to the brewing company ; and, further, that if this position is untenable, then, as the Burger execution was fully paid off and satisfied by the appellant on the 15th of September, 1887, the possession of the appellee under the levy then terminated, and no right of possession was left in him.

A sheriff or marshal who makes an authorized levy upon goods under an execution or attachment acquires thereby a special property in the goods of the defendant on which the

levy is made, and the officer is entitled to the possession and control of the property, which by the levy is placed in the custody of the law. When property is in the actual or constructive possession of the officer by virtue of a levy, the receipt by him of a subsequent writ operates as a constructive levy thereof upon the property so in his possession.

The officer, having made a valid levy, has the right to retain possession and control of the property for the purpose of making it answer the demand of the writ. His special property and right of possession continue so long as the property is needed to satisfy the writ. Freeman Executions, sections 135, 267, 268.

The absolute title or general property in goods levied on by virtue of a writ remains in the owner, who may sell them while so in the custody of the sheriff, such sale being subject to the lien of the creditor, the execution plaintiff, and subject to the officer's special title and right to retain possession for the purposes of the writ. One who claims title to the goods under a sale made by the defendant subsequent to the levy has no more right than the defendant to replevy the property from the officer while the goods are *in custodia legis.* Usher Sales, section 6 ; Benj. Sales (3d ed., Kerr's Am. notes), section 6, note 1 ; Freeman Executions, section 268.

A levy may be abandoned or vacated, and the possession of the officer thereunder may be terminated without the actual application of the goods as directed by the writ ; and thereby one who has purchased from the defendant after the making of the levy may be let in and become entitled to possession ; but where an act of the officer is relied on as an abandonment of the levy, the act should appear to be inconsistent with the continuance of the levy.

The presumption that the officer has done his duty must be indulged until the contrary is shown.

The fact that the officer, without fraud, has left the goods in the care of the execution defendant will not constitute an

abandonment of the levy. *State, ex rel.,* v. *Nelson,* 1 Ind. 522; *Cooley* v. *Harper,* 4 Ind. 454; Freeman Executions, section 261.

The property in question here, as shown by the evidence, was used in connection with a brewery, and much of it, not being adapted to any other use, could not be sold readily and for a good price.

When a considerable portion of the money to be made on the execution had been paid, the officer discharged the hired watchers, thus diminishing the expensiveness of the care of the goods. He left them in the brewery, some of the owners being present at the time. He said nothing about relinquishing his possession, but he instructed his deputy to look after the property, and the deputy considered himself the custodian for the marshal.

When the appellee, as sheriff, received the writ of attachment, he made a formal levy, treating the property as already in his possession under the levy of the execution.

The facts in evidence were all consistent with the existence of an understanding between the parties that the levy was not abandoned. It does not appear that the goods were left in the custody of the execution defendants by the connivance or with the consent of the execution plaintiff, or that he had any knowledge of the doings of the officer.

The appellant, the replevin bail, with knowledge of the facts, purchased the goods and brought his action of replevin against the appellee without first satisfying the judgment. The goods could not then rightfully be replevied from the officer by one claiming under the execution defendant through sale made after the levy, under which they were still *in custodia legis.* The fact that the appellant afterward, on the 15th of September, 1887, paid the balance upon the execution could not sustain his action which was unauthorized at its commencement.

The evidence was not insufficient to sustain the verdict.

Upon an examination of the instructions given and re-

fused to which our attention has been directed in argument, we find no substantial reason for reversal of the judgment.

The judgment is affirmed, with costs.

Filed Dec. 10, 1891; petition for a rehearing overruled Feb. 20, 1892.