## JARRETT v. CAULDWELL.

[No. 7,210. Filed April 20, 1911.]

1. REPLEVIN.—*Possession.*—*Right of.*—Replevin is a possessory action, and the plaintiff must show a right of possession at the time of filing his action. p. 480.

2. CONTRACTS.— *Voidable.*— *Fraud.*— *Election.*— A contract tainted with fraud is not void, but is merely voidable at the option of the party defrauded. p. 481.

3. SALES.—*Title.*—*Fraud.*—*Rescission.*—A sale tainted with fraud passes the title to the property sold, but such title may be devested by a rescission of the sale. p. 481.

4. SALES.—*Rescission.*—*Return of Consideration.*—In order to rescind a sale tainted with a vendee's fraud, the vendor must return everything of value received, unless excused by the vendee from so doing; and until such tender is made the vendee has the right to retain the property. p. 481.

5. SALES.—*Rescission.—Tender.*—The failure of a vendor, even through a mistake, to tender back to a vendee who had defrauded him, everything of value received, is fatal to such vendor's recovery of the property by an action in replevin. p. 481.

6. REPLEVIN.—*Nature of Action.*—Replevin is an action at law, and the right of recovery must exist at the beginning of the action, the equitable method of bringing the consideration into court as for rescission not applying. p. 482.

7. TRIAL.—*Verdict.—Interrogatories.*—The general verdict will prevail if it can be upheld upon any supposable evidence admissible within the issues. p. 482.

8. SALES.—*Avoidance.—Fraud.—Tender.—Interrogatories.*—Where the answers to the interrogatories to the jury show that the vendor of property failed through mistake or confusion to tender back to the vendee, who had defrauded the vendor, the sum of fifty cents received, a general verdict for the vendor in his action in replevin will be set aside. p. 482.

9. APPEAL.—*Reversal.—Mandate.*—Where justice will be subserved, the Appellate Court may order a new trial instead of a judgment for defendant on the answers to the interrogatories to the jury. p. 483.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Jasper Cauldwell against Herman Jarrett. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Jesse Sanford* and *Thomas E. Glascock,* for appellant.
*John F. Wiggins* and *Walker & Van Duyn,* for appellee.

LAIRY, P. J.—Appellee brought this action in replevin to recover the possession of a stallion. It appears from the complaint that appellee had traded said stallion to appellant for a bay mare and a small difference in cash, part of which money had been paid, and that appellee had rescinded the contract, on the ground of fraud, by returning to appellant the mare and also the cash paid, and demanding a return of the stallion, which demand was refused. Appellant answered in general denial, the issue was tried by a jury, and a verdict returned in favor of appellee. At the request of appellant certain interrogatories were submitted to the jury, answers to which were returned with the general

verdict.   Appellant moved for judgment on the answers to interrogatories, notwithstanding the general verdict, which motion was overruled by the court and judgment rendered for appellee on the general verdict.   Appellant appeals, and assigns as error the action of the trial court in overruling such motion.   The evidence is not in the record.

The answers to the interrogatories show that appellee agreed to accept appellant's bay mare and $10 in exchange for his stallion, and that fifty cents of this amount was paid at the time of the trade; that appellee agreed to allow appellant a further credit of $4.50, provided appellant would pay that amount to Avery Campbell; that appellant, in pursuance of this agreement, did pay to Avery Campbell said amount; that before the commencement of this action appellee returned to appellant $4.50, which sum was received by appellant, who still retains it, but that appellee failed to return fifty cents of the money he had received by virtue of said exchange of horses; that the only reason appellee did not return said fifty cents, was because he was confused concerning the amount, was mistaken as to the amount of money which he had received from appellant, and believed that he had tendered and paid back to appellant all of the money received from him as the difference growing out of their horse trade.

The general verdict finds that appellee, at the time of the commencement of this action, was entitled to the immediate possession of the horse replevied.   The question presented is, Do the answers to interrogatories show affirmatively that appellee was not entitled to the possession of this stallion at the time the action was commenced?

Replevin is a possessory action, and plaintiff must show a right to the possession of the property sued for at the time the action was commenced.   *Entsminger* v. *Jackson* (1880), 73 Ind. 144; *Noble* v. *Epperly*

(1855), 6 Ind. 414; *Brown* v. *Loesch* (1891), 3 Ind. App. 145.

A contract tainted with fraud is not void, but only
voidable at the election of the party defrauded.
2. *Thompson* v. *Peck* (1888), 115 Ind. 512, 1 L. R. A.
201; *Adam, Meldrum, etc., Co.* v. *Stewart* (1902),
157 Ind. 678, 87 Am. St. 240.

Even though it is conceded in this case that appellant
practiced such a fraud upon appellee as rendered the con-
tract in question voidable, nevertheless, the title to
3. the stallion passed to appellant by virtue of the trans-
action, but this title was subject to be devested by the
action of appellee in rescinding the contract. *Curme, Dunn
& Co.* v. *Rauh* (1885), 100 Ind. 247.

In order to rescind the contract, it was necessary that
appellee should return, or offer to return, to appellant every-
thing of value that he had received in the exchange
4. of horses, unless there was something in the conduct
of appellant which prevented or excused him from
doing so. Appellant had a right to retain possession of the
stallion until everything of value which he had given in
exchange for him had been returned. Unless this was done,
his possession would not be wrongful, and appellee would
not have such a right to the immediate possession of the stal-
lion as would enable him to maintain replevin. Whether
the amount retained was much or little, could make no dif-
ference in principle. The maxim *de minimus non curat lex,*
does not apply in a case such as this. *Reynolds* v. *Copeland*
(1880), 71 Ind. 422.

The legal effect of appellee's failure to return every-
thing of value which he had received under the contract is
the same, whether such failure was due to an inten-
5. tion on his part to retain a part or all of what he
had received, or whether insufficiency of amount
arose from an honest mistake on his part. Such a mistake

is a misfortune, the consequences of which must be borne by the party making it. This is held to be the rule applicable to a tender made to discharge a debt, and we can see no reason why the same rule should not apply to a case of this kind. *Boyden* v. *Moore* (1809), 5 Mass. 365; *Patnote* v. *Sanders* (1868), 41 Vt. 66, 98 Am. Dec. 564; *Helphrey* v. *Chicago, etc., R. Co.* (1870), 29 Iowa 480.

''Replevin is strictly an action at law. The right of recovery must exist at the time the action is commenced. It cannot be created by bringing the notes into court, as an equitable suit for rescission, and offering to surrender them up as the court may direct.'' *Thompson* v. *Peck, supra.*

It is firmly established in this State, that the general verdict must stand if it can be upheld by any supposable state of facts provable under the issues. *Lake Shore, etc., R. Co.* v. *Graham* (1904), 162 Ind. 374; *Pittsburgh, etc., R. Co. v. Lightheiser* (1907), 168 Ind. 438.

The fact that appellee did not return or offer to return everything which he had received in exchange for the stallion, before bringing this action, as found by the jury, is not sufficient to overthrow the general verdict, unless it also appears from the answers to the interrogatories that appellant did not so conduct himself as to excuse appellee from making a further tender. We might presume, in favor of the general verdict, that the evidence showed that appellant so conducted himself as to prevent appellee from making a tender, or that he told appellee in advance that he would not accept the money if offered, in either of which events a tender would be excused; but we cannot do this, for the reason that the answers to the interrogatories show that no such evidence was introduced, or if it was, that it was not believed or acted upon by the jury in arriving at the verdict. The answers to the interrogatories show that appellant actually accepted all the

money that was offered, and that the reason appellee did not tender more was because he was confused as to the amount he had received, and believed that he had tendered the whole amount received by him. These answers clearly negative any evidence which might have been introduced within the issues to show that appellant did anything to excuse or dispense with the necessity of a tender.

This court regrets the necessity of reversing this case on account of a matter so trivial as that here involved; but we cannot do otherwise, without going counter to long-established and well-settled legal principles.

In a case where the answers to interrogatories are in irreconcilable conflict with the general verdict, this court may direct a judgment on the interrogatories, notwithstanding the general verdict, or may order a new trial, as the justice of the case may require. In this appeal, the interrogatories, which are in conflict with the general verdict, show that there was no rescission of the contract because the tender was inadequate. As this can be corrected by dismissing this case in the court below, and bringing another action, after making the proper tender, we think that the ends of justice will be best subserved, by ordering that the trial court grant appellant a new trial.

Judgment reversed, with directions to sustain appellant's motion for a new trial.