## WOODS *v.* SHEARER ET AL.

### [No. 8305.    Filed July 2, 1914.]

1. REPLEVIN.—*Right of Possession.—Wrongful Detention.—Demand.—Necessity.*—While the possession of goods by virtue of a purchase is not wrongful in the first instance within the meaning of §1330 Burns 1914, §1266 R. S. 1881, authorizing an action in replevin, the contract by which the property was obtained is voidable at the seller's option if tainted with the fraud of the purchaser, and the latter's detention of the property may be rendered unlawful so as to sustain an action of replevin by the seller's offer to restore the consideration and a demand for the return of the property.    p. 651.

2. REPLEVIN.—*Right of Possession.—Proof.*—Replevin is a possessory action in which plaintiff must show a right to the possesion of the property sued for at the time the action was commenced. p. 651.

3. REPLEVIN.—*Rescission.—Restoration.*—Where property was obtained from plaintiff in exchange for other property that was worthless and of no value to either party, or if defendant in some way rendered restoration impossible, the plaintiff need not offer to restore in order to render the detention unlawful within §1330 Burns 1914, §1266 R. S. 1881, authorizing actions in replevin.    pp. 652, 653.

4. FRAUD.—*Evidence.—Sufficiency.*—Fraud assumes many shapes, disguises and subterfuges, and is sometimes so secretly perpetrated that it can only be detected by facts and circumstances that are trivial, and for this reason a wide scope is given to the evidence; hence where the evidence clearly showed fraud on the part of one defendant to a replevin suit in obtaining the property, and there were facts and circumstances indicating codefendant's knowledge of and connection therewith, the evidence was sufficient to warrant an inference of fraud against the latter and to sustain the finding for plaintiff.    p. 653.

From Superior Court of Marion County (84,196) ; *Charles J. Orbison,* Judge.

Action by Ella Shearer against Cora Woods and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Groninger & Groninger,* for appellant.

*Thomas D. McGee, Edward D. Reardon* and *James M. Drew,* for appellee.

HOTTEL, J.—Ella Shearer, hereinafter referred to as appellee, brought this action against appellant and her coappellee to recover possession of certain household goods and personal property alleged to have been unlawfully and fraudulently obtained from her. The complaint was in two paragraphs. The second paragraph is the usual complaint in replevin. The first paragraph, in addition to containing the averments necessary and usual in a replevin action, averred in detail facts showing how the possession of the property in question was obtained from appellee, viz., that the appellant and appellee Tongret, conspiring to cheat and defraud appellee out of her property, made certain false and fraudulent representations whereby they induced appellee to accept as payment therefor certain stock that was worthless; that appellee offered to rescind, tendered back the stock so obtained by her and demanded the return of her property, etc. Appellant filed an answer in general denial. Appellee Tongret defaulted. The cause was submitted to the court for trial and it found for appellee and against appellant and said Tongret and rendered judgment awarding the possession of said property to appellee, together with one cent damage, etc. Appellant's motion for a new trial was overruled and this ruling is the only error assigned.

The grounds of the motion for a new trial relied on for reversal are those which charge that the decision of the trial court is contrary to law and not sustained by sufficient evidence. It is in effect conceded that appellant obtained possession of the goods in controversy by virtue of a purchase in which she gave in payment for such goods, 40 shares of stock of $10 each (face value) in a corporation known as "The Bond and Realty Company". It follows therefore that appellant's obtaining possession of this property in the first instance was not wrongful in the sense contemplated by §1330 Burns 1914, §1266 R. S. 1881, authorizing an action in

replevin. *Jarrett* v. *Cauldwell* (1911), 47 Ind. App. 478, 480, 94 N. E. 790. Such a suit is a possessory action and it was incumbent on appellee to show her right to possession of the property sued for at the time her action was commenced. *Jarrett* v. *Cauldwell, supra.* If, however, the contract, under which such possession was obtained, was tainted with fraud such contract was voidable at the election of appellee, and she could render appellant's detention of the property in question unlawful, under said section of the statute, by an offer to rescind the contract, viz., by an offer to restore the property she had received thereunder and a demand for her own property. *Jarrett* v. *Cauldwell, supra,* and authorities cited. It appears therefore that before appellee was entitled to recover in this case she had to show that the property in question was obtained in the first instance by appellant's fraudulent representations, and that the possession thus obtained, though not wrongful when obtained, was rendered unlawful because of appellee's offer to restore and turn back that which she had received, and her demand for that which she had given in exchange.

She would, however, be relieved from an offer to restore, if the property received by her in exchange for that given by her was worthless and of no value, to either party, or if, on account of some act of appellant, restoration was rendered impossible or unnecessary. *Cates* v. *Bales* (1881), 78 Ind. 285, 288, 289; 35 Cyc. 149, 150, and cases cited in notes; 21 Am. and Eng. Ency. Law 84-87, and cases cited in note 1, page 87. *Ferguson* v *Hull* (1894), 136 Ind. 339, 348, 36 N. E. 254; *Sheldon Axle Co.* v. *Schofield* (1891), 85 Mich. 177, 48 N. W. 511.

It is appellant's contention that the evidence in the case wholly fails to show either fraud in procuring the property in the first instance, or any offer to restore that received by appellee, or any demand for a return of the property so obtained from her, and fails to show any valid excuse for the failure to offer to restore, etc. We have examined with

care the evidence pertinent to these several questions, and are convinced that there is ample evidence to justify the decision of the trial court on the first proposition.

4. Fraud being difficult to prove, a wide scope is given to the evidence. Fraud is said to assume many shapes, disguises and subterfuges, and is sometimes so secretly perpetrated that it can only be detected by facts and circumstances that are apparently trivial. *Hoffman* v. *Henderson* (1896), 145 Ind. 613, 619, 44 N. E. 629; *Levi* v. *Kraminer* (1891), 2 Ind. App. 594, 28 N. E. 1028. The facts and circumstances in this case clearly show fraud on the part of Tongret, and there are several facts and circumstances that indicate appellant's knowledge of and connection therewith. There was ample proof to justify an inference of fraud on the part of appellant in obtaining the property in the first instance.

Upon the other question, while the evidence is not so satisfactory as that on the first proposition, yet, we think there was evidence which justified either or both of

3. two inferences by the trial court, viz., (1) that the stock turned over by appellant in exchange for the property in question was absolutely worthless and of no value to either of the parties, and (2) that appellee before bringing her suit in company with her lawyer went to appellant and made a good faith effort and attempt to rescind the contract by an offer to restore the property received by her and a demand for that received by appellant, and that appellant by her words, acts and conduct indicated to appellee that she, appellant, was not in a position to restore the property received by her for the reason that she did not have it, and that an actual physical tender by appellee of the stock so received by her and further demand of that received by appellant would be unnecessary and useless. This evidence, under the authorities, *supra,* was sufficient to justify the decision of the trial court. See,

also, *Parrish* v. *Thurston* (1882), 87 Ind. 437, 439. The judgment is therefore affirmed.

NOTE.—Reported in 105 N. E. 917. As to when and against whom replevin is sustainable, see 80 Am. St. 741. See, also, under (1) 34 Cyc. 1405; (2) 34 Cyc. 1386; (3) 34 Cyc. 1402; (4) 34 Cyc. 1508; 20 Cyc. 122.