In the Matter of the Will of MARGARET O'LOUGHLIN, Deceased.

Surrogate's Court, Herkimer County, November 13, 1946.

*George G. Fiesinger* for Raymond P. Hart, petitioner.

*E. A. McCarthy,* for Hannah O'Loughlin, respondent.

PETERSON, S. This is a proceeding to obtain a determination as to the validity, construction or effect of a disposition of property contained in the last will and testament of Margaret O'Loughlin.

Paragraph third of the will in question reads as follows: " I give, devise and bequeath to Raymond A. Hart the house and premises located at 46 Moreland Street in the City of Little Falls, New York, together with the lot upon which said house stands, which lot shall be thirty (30) feet front on Moreland Street and thirty (30) feet wide in the rear and fifty (50) feet deep from Moreland Street."

Still another paragraph of the will provides as follows: " Sixth. I give, devise and bequeath to my sister, Hannah O'Loughlin of Little Falls, New York, my home, together with the furnishings and contents thereof located at 22 Manheim Street, Little Falls, New York, together with the house and premises owned by me and located at 12 Manheim Street, Little Falls, New York, also one hundred thirty-three (133) shares of United States Steel stock, together with all monies that I may have on deposit in any banks in my own name or jointly with anyone else, together with all of the rest, residue and remainder of my property, both real and personal and wheresoever situated at the time of my death."

The house and premises at 46 Moreland Street, Little Falls, New York, and the premises known as 12 Manheim Street together constitute the premises conveyed to testatrix as one parcel by deed from Bridget Higgins and others dated April 25, 1907, and recorded in Herkimer County Clerk's Office May 8, 1907, in Book 193 of Deeds at page 455, the parcel dimensions being 130 feet along Moreland Street by 50 feet along Manheim Street, the westerly part of premises being 46 Moreland Street and the easterly part being 12 Manheim Street.

Petitioner contends that the general and particular description devised under paragraph third of the will are at a variance, the particular description devising less ground than that upon which the house stands.

The respondent maintains that the language of the will is plain and specific in its description of the property devised, that there is no variance as claimed and objects to this entire proceeding.

If we look to the will itself there is nothing to indicate there was a variance between the particular description and the general description, so that extrinsic evidence becomes necessary to establish any variance claimed. Such evidence has been held to be properly received, however, where the description of the property sought to be devised is so uncertain as to leave in doubt what was the subject of disposition. (*Matter of Phipps,* 214 N. Y. 378.) The court in that case said (p. 381): " Generally speaking the testament bears its own testimony, but where the description of the property sought to be devised is so uncertain as to leave in doubt what was the subject of disposition, parol evidence is to be received and considered. Such evidence is received, not to contradict the provisions of the will, but to explain to what particular pieces of land the language of the will referred."

In a case very similar to the instant case, *Clark* v. *Goodridge* (51 Misc. 140) extrinsic evidence was held admissible to show what property was " known as " 250 Fifth Avenue.

Extrinsic evidence has accordingly been considered in the instant case. The evidence in this case established that the east line of the lot as delineated in the particular description would sever from the house proper what is referred to as the porch which extends out easterly about four feet six inches from the east line of the house. This, in the court's opinion, could not have been testatrix' intention. Moreover, the photographs, Exhibits 3 and 7, show that the land upon which the house rests is terraced on the easterly side thereof, the foot of the terrace being approximately fifty feet from the west line of the lot in question. It is not unreasonable to believe that it was this terraced lot, fifty feet wide, that the testatrix had in mind in making the devise under paragraph third of her will, for the terrace served to fix the dimensions of the lot in much the same fashion as a fence or enclosure would.

In the case of *Clark* v. *Goodridge* (*supra*) the extension of the house at 250 Fifth Avenue covered part of the stable lot in the rear and it seems that both were enclosed as one property. The court held that the stable lot was included in the devise of 250 Fifth Avenue.

And it has been held that it was merely an error in the description where a will devised " lots at Long Beach #59–61, on block 59 ", it appearing that the testatrix actually owned lots 60 and 61. (*Matter of Walsh,* 135 Misc. 588.)

In the instant case the use of the words describing the lot, to wit " thirty (30) feet front on Moreland Street and thirty (30)

feet wide in the rear and fifty (50) feet deep from Moreland Street '' appear to be only a misdescription not intended by the testatrix.

The court, therefore, determines that it was the intention of the testatrix that the lot devised by her under paragraph third of her last will and testament should be the terraced lot above referred to, which is more particularly described as follows: '' which lot shall be fifty (50) feet front on Moreland Street and fifty (50) feet wide in the rear and fifty (50) feet deep from Moreland Street,'' (being the westerly part of premises of testatrix Margaret O'Loughlin conveyed to her by Bridget Higgins and others.)

Proof submitted in this proceeding also establishes that the Raymond A. Hart mentioned in paragraph third of the will is in fact Raymond P. Hart and the court so construes said will.

Decree may provide accordingly.