## ROSENMEIER v. KRAUSS

[No. 17,608.   Filed December 3, 1947.   Rehearing denied January 16, 1948.]

*William C. Welborn, Arthur H. Meyer, and Edward Crabtree,* all of Evansville, attorneys for appellant.

*Elmer Q. Lockyear,* of Evansville, attorney for appellee.

CRUMPACKER, J.—The late Lena Rosenmeier died in February, 1940, the owner of Lots 32 and 33 in Baker and Wheeler's Sub-division of the north half of the west half of Block 22 of Sharpe's Enlargement, an addition to the City of Evansville, Indiana. These lots front on Edgar Street at its intersection with Delaware Street in said city. Lot 33 is on the corner and Lot 32 adjoins it on the north. Each lot is 25 feet wide and 122 feet deep and each is improved with a frame dwelling house. The entire north side of the house on Lot 33 extends over the line separating the two lots and encroaches upon Lot 32 to a maximum distance of 8 feet and 3 inches. A system of numbering buildings prevails in the City of Evansville whereby one number is reserved for each 25 feet of frontage on both sides of a street and when a house is built on any such frontage the number so reserved is assigned to such house. A building and its appurtenances occupying several 25 feet frontages is assigned one of the numbers reserved for such frontages and the other numbers are not used. Under this system of numbering the house on said Lot 33 was assigned the number "700 Edgar Street" many years ago and it has borne such number ever since.

The said Lena Rosenmeier died testate and her will was probated in due course in the Vanderburgh Probate Court. "Item One" of said will provides as follows: "I

hereby devise to Louise G. Haller, to be hers absolutely, the real estate known as 700 Edgar Street, in the City of Evansville, Vanderburgh County, Indiana, said real estate being Lot Thirty-three (33) in Baker and Wheeler's Sub-division of the North half of the West half of Block No. Twenty-two (22), of Sharpe's Enlargement, an addition to the City of Evansville, Indiana." "Item Five" of said will leaves all the rest, residue and remainder of her real estate to her husband, William Rosenmeier, the appellant herein, and "Item Six" nominates the said Louise G. Haller executrix thereof. Since said will was executed Louise G. Haller has married and her name is now Louise G. Krauss, under which name she was appointed, qualified and has acted as such executrix.

During the course of her administration of the Rosenmeier estate she had various difficulties with the appellant which finally culminated in a contract between them whereby they sought to put at rest their disputes and misunderstandings and each agreed to accept under the terms of the decedent's will. This agreement was fully performed by both parties and the appellee made it a part of her final report as executrix of said estate. In due course such report was approved and in so doing the Vanderburgh Probate Court found and adjudged the appellant to be the owner of Lot 32 and the appellee to be the owner of Lot 33, heretofore more particularly described. This judgment remains unmodified and no appeal was taken therefrom.

Shortly after the approval of her final report and her discharge as such executrix, the appellee discovered that a portion of the house bearing the number "700 Edgar Street" is on Lot 32 and she thereupon brought this suit to construe "Item One" of said will in such manner as to devise to her 8 feet and 3 inches off the south side

of said lot as well as all of Lot 33 and to quiet her title thereto. The appellant defended on the theory that the will involved is clear and unambiguous and not open to judicial construction and also that the final order of the Vanderburgh Probate Court, unappealed from, is a binding adjudication that he is owner of all of Lot 32 and that the appellee, by the so-called "family settlement agreement," which we have heretofore described, has estopped herself from asserting any interest therein.

The trial court resolved these issues against the appellant and by its judgment construed the will in accord with the appellee's contention and quieted her title to all of Lot 33 and a strip of land 8 feet and 3 inches wide off the south side of Lot 32. In his motion for a new trial the appellant asserts that the court's decision is not sustained by sufficient evidence, is contrary to law and that much improper and incompetent evidence was erroneously admitted over his objections. The motion however fails to set out the appellant's objections to the evidence of which he complains and therefore, on this phase of the appeal, presents no question for review. When error is predicated on the admission of evidence, the motion for a new trial must set out the question and answer, if there was one, or the substance thereof, the *objections* urged below, and the ruling of the court thereon. *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. 2d 912; *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. 2d 207; *Shank Fireproof Warehouse Co.* v. *Harlan* (1941), 108 Ind. App. 592, 29 N. E. 2d 1003; *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267.

The basic question in this case is whether Lena Rosenmeier intended to confine the devise in "Item One" of her will to Lot 33 or did she intend such devise to include that part of Lot 32 occupied by the house which

stands, in the main, on Lot 33. The appellant contends that the will itself answers this question and therefore there is no need for judicial construction. He reaches this conclusion by the following process of reasoning: "Item One" of said will devised to the appellee "the real estate known as 700 Edgar Street, in the City of Evansville, Vanderburgh County, Indiana," which she identifies as "being Lot Thirty-three (33) in Baker and Wheeler's Sub-division of the North half of the West half of Block No. Twenty-two (22), of Sharpe's Enlargement." Thus it is apparent, the appellant contends, that in the mind of the testatrix said Lot 33 is the real estate known as "700 Edgar Street" and that is all she intended to devise to the appellee. That to construe "Item One" as a devise of any part of Lot 32 would, in effect, be the making of a new and different will.

We could readily agree with the appellant in this contention if the will involved contained no latent ambiguity. As we understand it, a latent ambiguity is an ambiguity which arises from some collateral circumstance, or extrinsic matter, where the instrument itself is sufficiently certain and intelligible. *McConnell* v. *Robbins* (1923), 193 Ind. 359, 140 N. E. 59. Whenever, in applying the terms of a will to the subject matter to which it refers, extrinsic facts appear which produce an ambiguity, the court may enquire into every other material extrinsic fact or circumstance bearing on the question in order to arrive at a correct construction of the language employed. *Hertford* v. *Harned* (1916), 185 Ind. 213, 113 N. E. 727; *Sturgis* v. *Work* (1890), 122 Ind. 134, 22 N. E. 996; *Daugherty, Administrator* v. Rogers (1889), 119 Ind. 254, 20 N. E. 779; *Black* v. *Richards* (1884), 95 Ind. 184.

We agree with the appellant that the will in suit is clear, certain and intelligible when read as an isolated

document. But when we apply its terms to the subject matter with which it deals we find that Lot 33 is occupied by a house which extends over and onto an adjoining lot also belonging to the testatrix and which house has been known as "700 Edgar Street" for many years. Going a step further, when we apply the testatrix' identification of "700 Edgar Street" as being Lot 33 to the actual system of identification used in the city of Evansville, we find that the number "700 Edgar Street" identifies the house on Lot 33 and not the lot itself. We further find, in applying the terms of said will to its subject matter, that the strict and literal construction thereof will give to the appellant a narrow piece off the north side of the house on Lot 33. All these things, we think, create a latent ambiguity in the will and render it open to judicial construction. The court was therefore justified in hearing any competent extrinsic evidence which would assist it in determining the intention of the testatrix as expressed by language latently ambiguous. This the court did and concluded therefrom that it was the intention of the testatrix to devise to the appellee the residence property known as "700 Edgar Street" and its appurtenances, which property so devised includes all of Lot 33 and the adjoining 8 feet and 3 inches on Lot 32. There is ample evidence to sustain such decision and therefore it must remain undisturbed.

This leaves for consideration the appellant's contention that the parties themselves placed a construction on the will whereby the appellant was given all of Lot 32 and that this construction was embodied in a "family settlement agreement," and carried forward into the executrix' final report and so adjudicated in the court's final order approving such report.

We find nothing in the so-called "family settlement

agreement" which can be said to bear, even remotely, on a mutual construction of "Item One" of the ▇ testatrix' will. By its terms the parties merely bound themselves to abide by the provisions of the will pertaining to the disposition of the testatrix' real estate. It is true that the appellee, in her final report, represented to the court that the will of said testatrix devised Lot 32 to the appellant and that he is now the sole and exclusive owner thereof. There is evidence, however, strongly indicating that such representation was predicated upon the mutual and mistaken impression of both parties that all of the house known as "700 Edgar Street" stood on Lot 33. It is our opinion that an act done under mistake or excusable ignorance of a material fact is relievable in equity. *Parrish* v. *Thurston* (1882); 87 Ind. 437; *Riegel* v. *American Life Ins. Co.* (1893), 153 Pa. 134, 25 Atl. 1070, 19 L. R. A. 166; *Montgomery* v. *City Council* (1900), 99 Fed. 825, 40 C. C. A. 108, 48 L. R. A. 503. Therefore we see no reason why the appellee should be estopped from urging such mistake as voiding her representations to the court as to the purport of the testatrix' will.

In its final order closing the estate of Lena Rosenmeier the Vanderburgh Probate Court made the following entry: "That under the will of said Lena ▇▇ Rosenmeier, the said William Rosenmeier was devised the following described real estate, situate in the City of Evansville, Vanderburgh County, Indiana, to-wit: Lot 32 in Baker and Wheeler's Sub-division of the North half of the West half of Block No. Twenty-two (22) of Sharpe's Enlargement, an addition to the City of Evansville, Indiana, being known as 702 Edgar Street, in the City of Evansville, Vanderburgh County, Indiana." This decree, being unappealed from and unmodified, the appellant con-

tends fully and finally determined the issues here involved and the whole matter in controversy is *res adjudicata*. As far as the record in the present case discloses there was no issue in the Vanderburgh Probate Court involving the construction of Lena Rosenmeier's will or title to any of the real estate of which it disposes. We appreciate however that a judgment by consent may be entered and given effect as to any matters of which the court has general jurisdiction, without regard to the pleadings, and thus the rule that a judgment on matters outside the issues is a nullity, does not apply to judgments entered by consent. *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754. We also take judicial notice that the Vanderburgh Probate Court has jurisdiction to construe wills. § 4-3010, Burns' 1946 Replacement. We are unable to see, however, any of the attributes of a consent judgment in the matter here involved. "A judgment by consent of the parties is a judgment the provisions and terms of which are settled and agreed by the parties to the action in which it is entered, and which is entered of record by the consent and sanction of the court." 49 C. J. S., Judgments, § 173. The essence of a consent decree is that the parties thereto have entered voluntarily into a contract setting the dispute at rest, on which contract the court has entered judgment conforming to the terms of the agreement. *Harter* v. *King County* (1941), 11 Wash. 2d 583, 119 P. 2d 919.

In reference to Lena Rosenmeier's real estate the contract here involved provides nothing further than that the appellant and appellee agree that they will each abide by the terms of the will and in no sense does it put to rest their dispute as to the proper construction of said will. Thus we are constrained to hold that the order of the Vanderburgh Probate Court in final settlement of the Lena Rosen-

meier estate is not a consent judgment and, so far as it purports to adjudicate the title of the parties to the decedent's real estate, it is wholly outside any issues raised in those proceedings and therefore a nullity.

As we find no error in the record the judgment of the trial court is affirmed.

NOTE.—Reported in 75 N. E. 2d 798.