79 So.2d 55

**Mrs. Clifford REEVES**

v.

**John W. LITTLE (American Plumbing & Heating Engineers).**

**6 Div. 708.**

Supreme Court of Alabama.

March 31, 1955.

S. Palmer Keith, Jr., Birmingham, for appellee.

Embry & Martin, Birmingham, for appellant.

**LAWSON, Justice.**

The appeal is from a decree of the circuit court of Jefferson County, in equity, overruling a demurrer to appellee's bill as amended.

The demurrer was addressed to the bill as a whole, which as we view it is in two aspects. In one the complainant seeks declaratory relief and in the other seeks to enforce the statutory lien given by § 37, Title 33, Code 1940.

Section 48, Title 33, Code 1940, gives to a lien claimant a concurrent remedy in equity. The lien is a creature of statute and not contract. Burge v. Morgan, 257 Ala. 558, 59 So.2d 795.

The rule has been often announced and is generally understood to the effect that on an appeal from a decree overruling a demurrer to a bill in equity, we consider only those grounds of the demurrer sufficiently argued in brief. Groover v. Darden, 259 Ala. 607, 68 So.2d 28.

In brief filed here on behalf of appellant, the grounds of demurrer which are argued relate to that aspect of the

**412**

bill which seeks declaratory relief. While we do not wish to be understood as indicating that the grounds of demurrer so argued are well taken, we find it unnecessary to a decision of this case to discuss those grounds of the demurrer. Clearly no ground of demurrer argued is good as to that aspect of the bill seeking to enforce the statutory lien referred to above, and where a demurrer is addressed to a bill as a whole, which bill contains more than one aspect, then the demurrer is properly overruled if either aspect presents a matter of equitable cognizance. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.