83 So.2d 293

**Carol L. CURJEL et al.**

**v.**

**Anne Louise ASH.**

**1 Div. 631.**

Supreme Court of Alabama.

Nov. 10, 1955.

Vickers & Thornton, Mobile, for appellants.

C. B. Arendall, Jr., Thos. G. Greaves, Jr., and Smith, Hand, Arendall & Bedsole, Mobile, for appellee.

LAWSON, Justice.

Miriam P. Jacobson died on July 15, 1951, leaving a last will and testament which was duly probated and admitted to record in the probate court of Mobile County on August 1, 1951, and on that date letters. testamentary were issued to Carol Curjel, named in the will as executrix.

The second item of the will providing for a devise to Anne Louise Ash reads:

"I do hereby will, devise and bequeath to my great-niece, Anne Louise Ash, *that certain real property known as 221 Dauphin Street in the City of Mobile,* Alabama, and in the event that said property may be sold at the time of my death, I do will, devise and bequeath to the said Anne Louise Ash, in cash, the amount of the price for which said property was sold." (Emphasis supplied.)

In the fifth item of her will the testatrix provided:

"All the residue of my estate, I do hereby will, devise and bequeath to my sister, Augusta Eichold, and my niece, Carol Curjel, share and share alike."

On November 5, 1951, Carol Curjel and her husband, Hans Curjel, executed and delivered to Mrs. Hermoine C. Friend and Mrs. Barbara C. Steiner a quitclaim deed to property described in the conveyance as the premises "known as 221–A Dauphin Street," which conveyance was duly recorded in the probate court of Mobile County.

On January 11, 1952, Anne Louise Ash, acting by and through her father and next friend, filed her bill in the circuit court of Mobile County, in equity, against Carol Curjel and her husband, Hans Curjel; Mrs. Hermoine C. Friend and her husband, E. M.

Friend, Jr.; Mrs. Barbara C. Steiner and her husband, Berghard Steiner. Augusta Eichold was also made a party respondent. Briefly stated, the purpose of the bill was to secure an adjudication holding in effect that the property described in the deed from Mrs. Curjel and husband to Mrs. Friend and Mrs. Steiner was a part of the property devised to Anne Louise Ash by Mrs. Jacobson. Demurrer filed by all of the respondents except Augusta Eichold was sustained on March 10, 1952.

Thereafter on March 18, 1952, her disabilities of non-age having been relieved, Anne Louise Ash filed her amended bill against the same persons made respondents to the original bill. The ultimate objective of the amended bill was the same as that of the original bill. The respondents other than Augusta Eichold filed their demurrer to the amended bill. Grounds of the demurrer were addressed to the bill as a whole and grounds of demurrer were addressed to the several aspects which the demurrants construed the amended bill to encompass, namely, (1) construction of the will of Miriam P. Jacobson, (2) removal of cloud on title, (3) quieting title and (4) declaratory relief. The trial court on May 19, 1952, rendered a general decree overruling the demurrer to the bill as amended. The effect of such a ruling was a ruling only on the demurrer to the bill as a whole. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

From the decree of May 19, 1952, the respondents who had demurred to the bill as amended appealed to this court. We treated the bill as amended as having only one aspect, namely, a bill seeking a declaratory judgment. So construed, we held that the demurrer should have been sustained for the reason that the averments of the amended bill were not sufficient to show a justiciable controversy. We will not undertake to set out the averments and prayer of the amended bill which we considered on that appeal, for they are fully set out in our opinion then delivered. See Curjel v. Ash, 261 Ala. 42, 72 So.2d 732.

After remandment Anne Louise Ash again amended her bill. The respondents who had previously demurred filed demurrer to the bill as thus amended, with grounds addressed to the bill as a whole and with grounds addressed (1) "to that aspect or phase * * * wherein it is sought to construe the will of Miriam P. Jacobson * * * *"; (2) "to that aspect or phase * * * wherein it it sought to quiet title * * * *"; and (3) "to that aspect or phase * * * wherein it is sought to obtain a declaratory judgment * * * *." A decree was rendered wherein the demurrer was sustained generally. Again the complainant amended her bill and the demurrants refiled the demurrer last filed, with some additional grounds. The trial court thereupon rendered a decree overruling the demurrer addressed to the bill as a whole and the demurrers addressed to the three aspects which the demurrants construed the bill as last amended to encompass. From that decree the demurrants have prosecuted this appeal.

## Motion to Dismiss Appeal

Appellee moves to dismiss the appeal on the ground that it is prosecuted in contravention of § 756, Title 7, Code 1940, which reads:

"Whenever the equity of a bill, complaint or petition has been tested and upheld by the supreme court on an appeal from any interlocutory order, judgment, or decree, no other appeal can be taken from any subsequent interlocutory order, judgment or decree; but the rulings of the trial court on any such interlocutory orders, judgments or decrees may be reviewed by the supreme court on appeal from the final judgment or decree."

We have said that when on an appeal to this court a bill is held good as to substantial relief sought, although in the same opinion some features of the bill are held subject to demurrer, the equity of the bill is upheld within the meaning of the provisions quoted above and there cannot be an appeal from a subsequent interlocutory

decree. Thomasson v. Benson Hardware Co., 224 Ala. 11, 138 So. 287; Sicard v. Ingalls, 250 Ala. 585, 35 So.2d 342.

But on the first appeal of this case no substantial equity of the amended bill there under review was sustained. As indicated above, we treated that bill as seeking only declaratory relief and the effect of our holding was that the bill did not state a case for such relief, inasmuch as it failed to show a justiciable controversy between the parties.

The motion to dismiss the appeal is denied.

### On the Merits

Counsel for appellants in brief filed here say: "The question for decision here is actually whether the amendments to the bill of complaint met the objections which this court pointed out in the opinion on the previous appeal." But our review here is not so restricted. We are required by statute to review the case anew without regard to the former decision. § 28, Title 13, Code 1940; Birmingham News Co. v. Birmingham Printing Co., 213 Ala. 256, 104 So. 506; Wilkey v. State ex rel. Smith, 244 Ala. 568, 14 So.2d 536, 151 A.L.R. 765; Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70.

The amendments made after remandment have not changed the character of the proceeding and we think the amended bill here under review, to which we will refer hereafter as the bill, is one seeking relief under the declaratory judgment law, Code 1940, Title 7, §§ 156–168, as amended. So we will treat the bill as having only that aspect.

Wills are among the instruments which will be construed in an action for declaratory relief where the terms of the will are in dispute. §§ 156, 157, 159, Title 7, Code 1940; Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92. In Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792, 793, we said: "But under the declaratory judgments act, supra, the court takes jurisdiction of an actual controversy as to a justiciable question, and settles it though in doing so, it must construe a will when there is no other equity to confer jurisdiction on the court."

Ordinarily where a bill for declaratory relief shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. The test of the sufficiency of such a bill is not whether the complaint shows that the complainant will succeed in getting declaration of rights in accordance with his theory or contention, but whether he is entitled to a declaration of rights at all. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So. 2d 704.

But where no actual controversy as to a justiciable question is alleged, a demurrer to a bill seeking declaratory relief should be sustained. Alabama State Milk Control Board v. Graham, supra; Gilmer v. Gilmer, 245 Ala. 450, 17 So.2d 529; Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851.

The only grounds of demurrer which are sufficiently argued here to warrant treatment are those which take the point that the averments of the bill are not sufficient to show an actual controversy as to a justiciable question. If we do not think those grounds of demurrer were well taken, then we must affirm the decree of the trial court, for on an appeal from a decree overruling a demurrer to a bill in equity grounds of demurrer not argued are treated as waived. Reeves v. Little, 262 Ala. 411, 79 So.2d 55.

The bill discloses that the testatrix, Miriam P. Jacobson, when she executed her will on December 19, 1944, and at the time of her death on July 15, 1951, was

the owner of certain real property which fronted on the south side of Dauphin Street in the City of Mobile, Alabama, which for present purposes may be described as a three-story building and the lot on which it stands. We will hereafter sometimes refer to that property as the building on Dauphin Street. The property is described in the bill by metes and bounds.

The bill alleges in effect that under the provisions of the second item of her will Miriam P. Jacobson devised all of the building on Dauphin Street to the complainant in that the testatrix at the time she executed her will and at all times before and after that date referred to, knew and considered all of the building on Dauphin Street as "221 Dauphin Street." The bill further avers: "That testatrix intended to devise the entire parcel of real property and the entire building thereon to Anne Louise Ash by the aforesaid second item contained in her said last will and testament, * * *"

However, the bill avers that as early as May, 1925, partitions were constructed on the first and second floors of the building on Dauphin Street, so that different tenants have occupied parts of the building. While the bill does not aver what particular part of the building on Dauphin Street was sometimes referred to as 221-A Dauphin Street, the bill does contain the following averments:

"Nevertheless the said Carol L. Curjel, individually and as such executrix, has purported to construe said will in her own personal and individual favor and she contends, in her individual capacity, and in her capacity as such executrix, that she has personally acquired some interest in said building and the lot on which it is situated. Pursuant to such contention, she and her husband, Hans Curjel, have executed and delivered under date of November 5, 1951, a conveyance purporting to quitclaim to the said Mrs. Hermoine C. Friend and the said Mrs. Barbara C. Steiner a portion of the said 'building known as 221 Dauphin Street', describing the property therein

conveyed as '221-A Dauphin Street'. This quitclaim deed is recorded in Deed Book 541, page 380 of the records of the Probate Court of Mobile County, Alabama, is on its face sufficient to convey legal title to a part of the said building, *which part has been sometimes referred to as '221-A Dauphin Street'*, or sometimes as '221½ Dauphin Street', and is a cloud on the title of the said Anne Louise Ash to the said entire 'building known as 221 Dauphin Street'.

"Plaintiff avers that the defendants herein, other than the said Augusta J. Eichold, claim that the said second item of the will of the said testatrix did not dispose of the said single and entire building and the land on which the same is located, but that some part thereof or some interest therein passed to the said Carol L. Curjel and Augusta Eichold by intestacy or under the residuary clause of said will. The said Mrs. Hermoine C. Friend is the wife of the defendant E. M. Friend, Jr. and the plaintiff avers that the said E. M. Friend, Jr., while employed to act as the attorney for the estate of the said decedent, has counseled with the said Carol L. Curjel and has advised her to execute such quitclaim deed in favor of his said wife and in favor of the said Barbara C. Steiner, contrary to the interests of the said Anne Louise Ash, one of those interested in the said estate. Said quitclaim deed to a part of the said building devised to Anne Louise Ash by the will of testatrix will remain a cloud on the title of the said Anne Louise Ash to the said building and lot on which it is situated unless relief as herein prayed is granted by the court." (Emphasis supplied.)

The averments of the bill summarized and quoted above in our opinion clearly disclose that the descriptive language, "that certain real property known as 221 Dauphin Street, in the City of Mobile, Alabama," presents a latent ambiguity as to what real property was devised by the

terms of the second item of the will of Miriam P. Jacobson.

In our recent case of Cook v. Morton, 254 Ala. 112, 47 So.2d 471, 474, we said: "Also the will presents a latent ambiguity as to what constituted at the time of testator's death the 'house and lot *known as* my old home house and lot occupied at the time by J. V. Niles and family.' It was proper to remove these latent ambiguities by appropriate parol evidence to identify these properties and to give these descriptions the meaning which the testator intended they should have."

In DeMouy v. Jepson, 255 Ala. 337, 51 So.2d 506, 510, we said:

"This provision of the will devising the 'home' to Mrs. Jepson is manifestly ambiguous as to exactly what area of land was intended to go with it. The will as to the residuary clause is general and silent as to the area of land to go with the little house east of the home, which is Mrs. DeMouy's. Under such circumstances the intention of the testator must be ascertained not only from the language of the will, taken in connection with the existing circumstances known to the testator at the time of drafting the will, but also from the testator's relevant declarations and statements at or about the time of the will's execution. * * *"

In Achelis v. Musgrove, 212 Ala. 47, 101 So. 670, the issue was whether the description of lands devised by the testatrix to C. R. Musgrove included all the lands belonging to the testatrix not otherwise specially devised. The devise to C. R. Musgrove was of " 'my home place, including my dwelling and the land lying contiguous thereto which I own' ". We said: "Unquestionably, the descriptive language here in question presents a latent ambiguity which may be removed by appropriate parol evidence showing the circumstances which may illustrate the sense in which the testatrix used it, and thereby give to it a certain meaning and application."

In Vandiver v. Vandiver, 115 Ala. 328, 22 So. 154, 155, it was said in part as follows:

"The devise in the will of A. F. Vandiver, deceased, of all his 'upland' to his wife, Jane C. Vandiver, is not void on its face for uncertainty. Whatever upland the testator owned, or whatever of his land it can be shown he had in mind and intended to dispose of by describing it as 'upland,' passes to Mrs. Vandiver under the will. There being evidence tending to show that he owned no uplands, strictly so called, but that his lands are in part 'bottom' lands, and for the rest 'second bottom' or 'bench' lands, a case of latent ambiguity was developed in attempting to apply his will to the subject-matter with which it dealt; and it was entirely competent to cure this ambiguity by showing that he regarded second bottom or bench lands as uplands, and in that sense employed the term 'upland' in his will."

In Clark v. Goodridge, 51 Misc. 140, 100 N.Y.S. 824, 833, it was said: "There remains to be considered what was included in the devise of the real estate known as No. 250 Fifth avenue. Extrinsic evidence is admissible to show what property was 'known as' No. 250 Fifth avenue. There is a latent ambiguity here, the explanation of which may be made by parol evidence. * * *" Other cases with holdings to like effect are Hedrick v. Hedrick, 125 W.Va. 702, 25 S.E.2d 872; Truslow v. Ball, 166 Va. 608, 186 S.E. 71; Holmes v. Roddy, 176 Tenn. 624, 144 S.W.2d 788; Smith v. Coxe, 183 S.C. 509, 191 S.E. 422; In re Hotaling's Estate, 72 Cal.App.2d 848, 165 P.2d 681; In re O'Loughlin's Will, 187 Misc. 914, 65 N.Y.S.2d 885; In re Holland's Estate, 180 Or. 1, 175 P.2d 156; Baines v. Ray, Tex.Civ.App., 251 S.W.2d 565; In re Gisler's Estate, 242 Iowa 933, 48 N.W.2d 866; Hurst v. Standard Oil Co., 308 Ky. 779, 215 S.W.2d 962; Logan v. Wiley, 357 Pa. 547, 55 A.2d 366; Rosenmeier v. Krauss, 118 Ind.App. 57, 75 N.E. 2d 798.

The bill not only shows a latent ambiguity as to the property intended to be devised by the second item of the will, but shows, in our opinion, an actual controversy between Miss Ash on the one hand and Mrs. Curjel, one of the residuary devisees, and her grantees on the other. And we think the bill shows that the controversy is as to a justiciable question—the rights of the parties in respect to the ownership of the land owned by testatrix at the time of her death. See Fillmore v. Yarbrough, supra.

The mere fact that the bill does not aver the exact part or parts of the building on Dauphin Street which Mrs. Curjel claims not to have passed to Miss Ash under the second item of the will or the identity of the property which Mrs. Curjel purported to convey in the quitclaim deed does not render the bill subject to those grounds of demurrer which are argued here.

We hold that the bill shows an actual controversy as to a justiciable question and that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY, GOODWYN and MERRILL, JJ., concur.