69 So.2d 704

**WATERWORKS AND SANITARY SEWER BOARD et al. v. DEAN.**

**3 Div. 654.**

Supreme Court of Alabama.

Aug. 6, 1953.

Rehearing Denied Jan. 15, 1954.

Walter J. Knabe and Hartwell Davis, Montgomery, for appellants.

R. Lea Harris, Montgomery, for appellee.

## PER CURIAM.

This is a suit in equity by appellee seeking by a declaratory judgment an adjudication as to the right and power of the Waterworks and Sanitary Sewer Board of Montgomery to charge and collect a service fee for the use of its sanitary sewer system.

The contention is that the law under which the board is acting is unconstitutional and void, and that the statute does not permit the charge because the system was constructed at the cost of adjacent property owners.

There was a demurrer to the bill on behalf of the respondents. This demurrer was overruled. All the respondents unite in the appeal and assign errors. The errors so assigned go generally to the decree overruling the demurrer.

Appellee cross-assigned errors, for that the trial court failed to rule on the constitutionality and validity of Title 37, sections 402, 402(15), 402(18), approved June 29, 1951, as violative of Const. sections 22, 23, 212, and "of the requirement of uniformity of taxation". Also because the court failed to adjudge the alleged fee or charge to be a tax and that the board is not authorized to collect a tax. The cross-assignments also state that they are made with the hope and request that this Court will rule on the constitutionality of said provisions of law referred to in them. Both parties in brief have expressed a desire that this be done. But there is some difficulty in the way of doing so. The bill does not allege that the board was incorporated, nor when it was organized.

Looking over the history of the pertinent legislation, we find that Code sections be-

ginning with section 394, Title 37 to section 402 apply only to the creation and operation of a waterworks board. Its power was extended to gas distribution by an Act of July 22, 1947, General Acts 1947, page 48. That Act is set up in the pocket part of the Code as sections 402(2) to 402(14). Sections 394 to 402, supra, were amended by an Act approved September 19, 1949, so as to include in the powers of a board created for that purpose sanitary sewer systems of cities. There was no provision to extend the power of any previously created board to include sewer systems, but the Act authorized the creation of a board to own and operate the waterworks and sanitary sewer systems of cities. This Act was set up in the pocket part of the Code as amended sections 394, 395, 398, 399, 400 and 402, Title 37.

On June 29, 1951 another Act was approved, General Acts 1951, page 416, which did not purport to amend Code sections, but created a distinct act complete in itself authorizing the incorporation of a board for the purpose of operating a water system, a sewer system, a gas system, and an electric system or any one or more of them. It contained many of the features of sections 394 to 402, supra, and especially in section 4 it conferred powers upon such a corporation as did section 398 as amended by the Act of 1949, supra. The Act of 1951, supra, is set up in the pocket part of the Code as sections 402(15) to 402(27). Section 13 of the Act, § 402(27), provides that no corporation provided for in it shall thereafter be incorporated under sections 394 to 402 as amended, but that corporations then in existence organized under those statutes shall continue in existence under the powers, etc., conferred by those statutes, but that by amending the certificate of incorporation they may come under and be governed and controlled by all the provisions of that Act, 1951, supra.

The complaint does not allege that the board was ever incorporated. It was probably incorporated but the date of its incorporation is material to know whether it is governed by the Act of 1949 or of 1951. If it was incorporated after the Act of 1949 and before the Act of 1951, it would be controlled by the Act of 1949, unless it has amended its certificate of incorporation as authorized by the Act of 1951. No such allegation is made. But the amended bill attaches as exhibit "A" a document alleged in paragraph nine to be an "ad" which the board caused to be published subsequent to the filing of the original bill in this suit. That "ad" stated that the waterworks board was "set up" in 1949, under sections 402 (15) through 402(27), and amended its charter so as to acquire the sewer system. But it could not have been "set up" (incorporated) in 1949 under sections 402 (15) through (27), for that was the Act of 1951. But such discrepancies are immaterial. If the board was incorporated when the Act of 1949 applied, it must have complied with section 402(27) to come under the Act of 1951. That exhibit is not an allegation of fact, since it was only an "ad" by the board.

Section 398, as amended by the Act of 1949, confers on the board practically the same powers as section 402(18) does under the Act of 1951.

Paragraph 4 of the bill alleges that the board was acting under authority of section 402 in making the sewer charge. It should be either section 398 or 402(18). But whatever may be the accurate statute to which reference is made in that connection, the question is the same. A reference in the bill to an applicable statute is not controlling as to the applicability of that statute. The question depends upon the proper statute which has application and not the one which is referred to in the pleading as controlling. There can be but one system of laws fixing the rights of parties under a given situation, State ex rel. Rountree v. Summer, 248 Ala. 545, (5), 28 So.2d 565, and that is a question of law and not one of pleading.

In paragraph 6 of the bill it is alleged that Title 37, sections 402(15) and 402(18), each separately and conjunctively, violate each of the following sections of the Constitution, sections 22, 23, 212 and 223. The bill then copies each of those constitutional provisions. So far as here material in re-

spect to its allegations, section 22 prohibits any law impairing the obligation of contracts. Section 23 embraces the principle of eminent domain. Section 212 prohibits the delegation of the power to levy taxes to individuals, private corporations or associations. Section 223 prohibits a municipality from assessing to abutting property owners the cost of construction of sewers in excess of the increased value of such property.

■ With respect to section 22, supra, it is alleged in paragraph 16 of the bill of complaint that the former owner of complainant's property was forced by the city authorities to connect to the present sewer system at his own expense "with implied condition that said owner or his assigns would have unfettered right to use sewer system without tax or cost". Complainant alleges that therefore to require him to pay a service charge for the use of the sewer would impair the obligation of a contract which ran to him by reason of said assignment. But no such contract is implied. The contention is untenable. Carson v. Sewer Commissioners, 182 U.S. 398, 21 S. Ct. 860, 45 L.Ed. 1151.

With respect to sections 23, 212 and 223 of the Constitution, to which reference was made above, the contention is that the exaction of a service charge for the use of the sanitary sewer system by adjoining property owners is the exaction of a tax or the confiscation of property by requiring the payment of a charge, or by indirectly assessing complainant's property, to pay for the construction cost of an extension of the sanitary sewer system, contemplated for the future, in excess of special benefits which will accrue to said property by reason thereof.

■ The tenor of our cases refutes the contention in all respects. When the city is operating a utility for public use, it is engaged in a proprietary or business enterprise, and may make a charge for the service the same as though a private corporation were so engaged. The charge made must be reasonable to both the users of the facility and to its operators. Mitch-

ell v. City of Mobile, 244 Ala. 442, 13 So.2d 664. The charge for the service must have relation to the benefits to the user and to a reasonable return on the investment by the city, based on the value of the plant. Of course this is predicated upon the theory that the city paid for the utility and owns it. In that event, it may when duly authorized by law sell and dispose of it to another holder to operate with the same power that the city had. But such assignee would have no greater power as to rates and charges than the city had. The effect of our Mitchell case, supra, and others is to recognize fully that such a service charge is compensation for the use of the facility and not the exaction of a tax, and that a city has the right to make a charge for the use of a sewer system constructed at the general expense of the city. City of Leeds v. Avram, 244 Ala. 427, 14 So.2d 728; Benson v. City of Andalusia, 240 Ala. 99, 195 So. 443; MacMahon v. Baumhauer, 234 Ala. 482, 175 So. 299.

The Supreme Court of the United States has held that it would not violate the due process clause of the Fourteenth Amendment to require a sewer service charge although the cost of the construction of the system was charged to the property owners, when such property owners are not required to connect with the system. Carson v. Sewer Commissioners, 182 U.S. 398, 21 S.Ct. 860, 45 L.Ed. 1151, see, 127 A.L.R. 1374 et seq.

Both the Act of 1949, section 3, section 398, Title 37, as amended pocket part Code, and that of 1951, section 4, section 402(18), Title 37, pocket part Code, have provisions exempting property owners from liability for the charge when the cost of construction was wholly or in part paid for by assessments against the property specially benefited thereby. We are not therefore concerned with the power of the legislature to authorize a charge against such property owners for using a system which they helped pay for, for no such authority of law seems to exist and none is here claimed.

The bill alleges that the board in setting up the rate of charges for use of the sewer system violated that feature of the law,

but that (amended section 17) complainant is not in a position to know but believes and alleges "said formation and reorganization of the board violates Title 37, section 402 (27) of the Code of Alabama and that for this among other reasons said actions of board are *ultra vires,* the said board being organized after expiration date in said Code and that said board was not expanded".

Those allegations are not specific and it is not clear what was intended by them. But there seems to be an effort to allege a failure to observe that feature of the law providing for such exemption when the system was paid for by property owners specially benefited by it. The bill is subject to demurrer on account of such general statements, but no such ground is assigned. A general ground of demurrer does not reach imperfect allegations of a justiciable claim. The demurrer must be addressed to the imperfect manner in which it is alleged.

Nor does it violate section 212 of the Constitution to delegate to a city or to another sort of corporation the power to make a charge for the use of its facilities. That is no tax.

The distinction is also clear between requiring such a charge and in making an assessment for the cost of construction subject to section 223 of the Constitution. City of Leeds v. Avram, supra. It is no objection to the charge that its proceeds are to be used in improving the facilities by providing additional disposal arrangements.

If the sewer system was constructed without the help of adjoining property owners, the city making a reasonable charge for its use, such charge would not be confiscatory because the proceeds from it may be used by the board in making extensions to the system or financing the same. The only confiscatory principle applicable to complainant in respect to such charge would be in making an unreasonable amount for such use. No such controversy is alleged. It has been held that the charge may be based on the volume of water delivered to the user as measured by the water meter. 64 C.J.S., Municipal Corporations, § 1805, page 273; Carson v. Sewer Commissioners, supra. But as we have said, the right to make a charge is dependent, under the statute, upon the use of a system which was not constructed by assessing its cost in whole or in part to property specially benefited thereby.

Since the decree of the lower court overruled the demurrer to the bill of complaint, there can be in it no error prejudicial to complainant which he can cross-assign on this appeal. There was no opinion with the decree and no indication of the basis on which it was founded, other than as manifested by the demurrer itself.

The only question on this appeal is whether there was reversible error in overruling the demurrer to the bill. The bill, as we have said, seeks a declaratory judgment under our statute. The rule is that ordinarily the test of the sufficiency of such a bill is whether it states the existence of a bona fide justiciable controversy which should be settled. If this is done, a cause of action for a declaratory judgment is stated and the demurrer should ordinarily be overruled. Henry v. White, 257 Ala. 549, 60 So.2d 149. Sometimes that rule will be relaxed when the parties have expressed a desire that it be done, so as to settle a legal question when the facts are not controverted, with only a question of law involved and it is argued on its merits. Evers v. City of Dadeville, 258 Ala. 53, 61 So.2d 78.

As presented by the allegations of the bill, we think there is a justiciable controversy set out in it by reason of the allegation that the sewer system has been built by or assessed to property owners of the city, and is still owned by them and does not belong to the city. The allegations with respect to whether the exemptions provided by the statute are being observed by the board in making the service charge are not clear and should be specific to formulate a justiciable issue. But there is no ground of demurrer going to that defect.

That is the only such controversy open to litigation in this proceeding by reason of the principles to which we have referred.

The decree overruling the demurrer should therefore be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32 Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.

GOODWYN, J., not sitting.