226 So.2d 385

Paul R. COPELAND

v.

JEFFERSON COUNTY, Alabama and Vicinity Carpenters District Council, etc., et al.

6 Div. 521.

Supreme Court of Alabama.

Aug. 28, 1969.

Dempsey F. Pennington, Birmingham, for appellant.

Weir & Shannon, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal from a decree sustaining demurrers and dismissing a bill for declaratory judgment filed by the appellant below. The only issue before us is the propriety of that decree.

The bill of complaint filed in the case reads, in material part, as follows:

"2. On to-wit: February 25, 1960, the complainant was a member in good standing of Local #103 of the said Brotherhood. On said date the respondents, Noah M. Pennington and W. C. Sammons, preferred charges against the complainant before the said Council without consulting complainant or any member of his family, falsely and maliciously accusing him of hiring non-union labor to build a garage at his residence. The said charge was based upon Section 55, Paragraph L, of the Constitution and Laws of said Brotherhood which provides: 'Any member who acts in violation of the Obligation, or violates any Section of the Constitution and Laws of the United Brotherhood shall be fined, suspended or expelled, at the discretion of the Local Union or District Council, except where the penalty is specified in the Laws.' The 'obligation' referred to reads in pertinent part as follows: 'I agree that I will * * * employ only union labor—when same can be had. * * *'

"3. Your complainant further shows that Section 56, Paragraphs E and F read as follows: 'E The Local Union or District Council shall nominate the names of eleven members most competent of giving a fair and impartial hearing of the case. The Recording Secretary shall place the names in the ballot box and the Vice-President shall draw the same from the box and call the names aloud until five have been drawn, when the case will be given to them for investigation.' 'F All charges shall be referred to a Trial Committee, consisting of five, the accused and accuser having the

alternative of each challenging any three members of said committee. Any member so challenged shall not serve on the committee.' Complainant avers that he was duly notified to appear at the regular meeting of said Council on to-wit: March 16, 1960, to answer the said charges made against him and did so. On said occasion, the Trial Committee was selected in accordance with said Paragraph E above but when the complainant attempted to question the prospective members of said Trial Committee in order that he might exercise his right of challenge as specified in Paragraph F above he was summarily overruled by the respondent, Vernon Stevens, who was then the President of said Council and was arbitrarily denied his said right of challenging the prospective members of said Trial Committee in violation of his Constitutional right so to do.

"4. Complainant further avers that Paragraph G of Section 56 of said Constitution reads in pertinent part as follows: 'The accused shall have a fair and impartial trial, and shall be allowed until the next regular meeting to appear and reply, either in person or by counsel; * * *.' Complainant avers that he was not given until the next regular meeting to appear and reply but was summoned by the Chairman of the Trial Committee, on to-wit: March 25, 1960, to appear for the trial on to-wit: March 30, 1960, as the accused in violation of the above quoted Paragraph G of Section 56 of said Constitution.

"5. At said trial on to-wit: March 30, 1960, there was no evidence introduced against complainant except hearsay testimony yet, nevertheless, the trial committee thereafter on to-wit: April 27, 1960, found the complainant guilty as charged. Paragraph I of Section 56 of said Constitution provides as follows: 'When the committee has come to a decision in the case the chairman of said committee shall, at the next regular meeting thereafter, submit a full report of the case with their verdict and the evidence in writing to the Local Union or the District Council.' Complainant avers

that said Trial Committee did not wait until the next regular meeting after they had come to their decision to make a report thereof but submitted said report on the same day the decision was made; * * *."

The complaint goes on to allege that the complainant was fined $25.00 but contends that the fine was fixed by the respondent, Vernon Stevens, in violation of the Constitution of the Brotherhood, which requires a majority of the members present at the meeting to affix such fine as the majority deems proper.

It is further alleged that successive appeals to the General President of the Brotherhood, its General Executive Board, and its General Convention were all denied and dismissed culminating in a ruling of the General Convention on September 28, 1962, "more than two years and five months after the complainant was convicted by the said abortive and illegal trial committee and complainant has exhausted all his administrative remedies."

The bill also alleges:

"8. Complainant avers that by reason of the foregoing there is a justiciable controversy between him and the respondents; that he has been made the victim of an unlawful conspiracy to injure him in his reputation within the membership of his local union and that his reputation has been injured by an unlawful and malicious accusation, trial and conviction; that he has been deprived of a fair trial and procedural protections afforded him by the aforesaid Constitution of said Brotherhood; that he has been put to great inconvenience and expense in his efforts to clear his name; and that his only recourse is to apply to this Honorable Court for a redress of his grievances." In conclusion, the complainant prays as follows: " * * * that upon a final hearing of this cause this Honorable Court will declare the rights of the parties under the facts as stated above and construe the Constitution and Laws of the said Brotherhood and reverse and

hold for naught the decision of said Trial Committee finding him guilty of the false and malicious charges made against him and restore to him the amount of said fine and all expense to which he has been put in defending himself and trying to wipe the stain from his good name. * *"

To this bill demurrers of the respondents were sustained.

The bill was subsequently amended and demurrers were filed to the amended bill, which were sustained. The final decree of dismissal followed.

This court has repeatedly held that the test of sufficiency of a bill for declaratory judgment is whether it states the existence of a bona fide justiciable controversy which should be settled and if this is done a cause of action for declaratory judgment is stated and a demurrer should be overruled. Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704. Or, stated differently, the question is whether a complainant has stated facts showing that he is entitled to a declaration of rights. Curjel v. Ash, 263 Ala. 585, 83 So.2d 293. The question in this case then is whether or not the bill of complaint as set out above states a justiciable controversy under the Declaratory Judgment Act. To be justiciable, the controversy must be one that is appropriate for judicial determination. It must be a controversy which is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a decree. "A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded. * * *" Anderson, Actions for Declaratory Judgments, Volume 1, § 14.

In this case, the complainant asks the court to "* * * declare the rights of the parties under the facts as stated above and construe the Constitution and laws of the said Brotherhood and reverse and hold for naught all of the disciplinary proceedings and actions against the complainant, * *." We are of the opinion that the allegations of the bill are totally insufficient to justify resort to litigation looking to a declaratory judgment. The facts do not show any present controversy between the respondents and the complainant.

The complainant has alleged that he was disciplined by the union on hearsay evidence; he contends that the disciplinary proceeding was a result of an unlawful conspiracy. However, there is a total failure to allege a present and subsisting controversy between these parties. As stated in Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851:

> "The rule prevailing in this jurisdiction, as well as elsewhere, is that there must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under declaratory judgment statutes." (Citations omitted)

> "It is not sufficient to plead by way of conclusion that there is an existing controversy of a justiciable character between the parties. Facts must be pleaded out of which the controversy arises." (Citations omitted)

It is also noted in the *Shadix* case, supra, that the declaratory judgment statute does not empower courts to decide moot questions or to answer abstract propositions.

Tested by these principles, we are of the opinion that the bill in this case totally fails to present an actual bona fide subsisting justiciable controversy between the parties. The court has no authority as prayed for by the complainant to "reverse and hold for naught all of the disciplinary proceedings" heretofore taken against the complainant by the respondents.

It follows, therefore, that the decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and BLOODWORTH, J., concur.

COLEMAN, J., concurs in the result.