These appeals come to this Court from a declaratory judgment in favor of the plaintiff, First Alabama Bank ("First Alabama"), as trustee of four certain trusts, and against Ian Cowan MacKenzie, the settlor and creditor of the trusts ("Mr. MacKenzie"). The court declared that certain medical expenses incurred by John Wallace MacKenzie, Mr. MacKenzie's son and beneficiary of two of the trusts, were primarily the responsibility of Mr. MacKenzie, but that, if Mr. MacKenzie failed to make timely payments of these expenses, First Alabama could pay them and then reimburse the trusts by withholding payments due Mr. MacKenzie under notes on which the trusts make payments to him as creditor. The circuit court also ordered that First Alabama's attorney fees be paid from the trust funds. Mr. MacKenzie argues that the circuit court had no jurisdiction to enter the declaratory judgment, for lack of a justiciable controversy. John, through his guardian ad litem, argues that the circuit court erred in ordering that First Alabama's attorney fees arising from the declaratory judgment action be paid from the trust.
Mr. MacKenzie and Jill Johnson MacKenzie divorced in 1985. Mrs. MacKenzie received custody of John and was declared his legal guardian. The circuit court that entered the divorce judgment also entered the declaratory judgment that is the subject of these appeals.
Before the divorce, Mr. MacKenzie had established four trusts with First Alabama as the trustee. Mr. MacKenzie funded these trusts with the proceeds from the sale of the family business. Mr. MacKenzie transferred ownership of the business to the trusts in exchange for a promissory note, and the trusts then sold the business and were funded with the proceeds. The trusts paid Mr. MacKenzie approximately $240,000 per year as installments on the note. John was a beneficiary of two of these trusts, the MacKenzie Trust-Alpha ("the Alpha trust") and the MacKenzie Trust-Delta ("the Delta trust"). The Alpha trust designated John and his two older siblings as beneficiaries. John was the sole beneficiary under the Delta trust. Both of the trust agreements directed the trustee to use as much of the trust's income and principal as "necessary or advisable *Page 1369 
for [John's] reasonable support, maintenance, comfort and education." Both trusts also directed the trustee to consider all other sources of John's income. Under the divorce judgment, Mr. MacKenzie was required to "pay for all reasonable and necessary medical, dental, prescription drug, orthodontic, and optometric expenses incurred on [John's] behalf."[1]
On January 20, 1990, John MacKenzie was admitted to Anneewakee Hospital ("Anneewakee") in Carrabelle, Florida, for treatment of behavioral problems. The cost of John's treatment at Anneewakee was originally $500 per day. The cost later decreased to $400 per day. At the time of his admission, John was a minor. After Mr. and Mrs. MacKenzie discussed payment for John's treatment, Mrs. MacKenzie contacted First Alabama and requested that the trusts' income and principal be used to pay for John's treatment at Anneewakee. First Alabama wrote a letter to Mr. MacKenzie informing him that the Delta trust's payment of these expenses could deplete the trust's income and principal, and that this depletion could prevent the Delta trust from paying the installments due under the note to Mr. MacKenzie. First Alabama stated in the letter, "It is our interpretation that such a conflict was anticipated by you and your lawyers when the instrument was prepared, and therefore we may spend the funds of the Trust even if they [sic] deplete the assets to the point that repayment to you is not possible." Because First Alabama was unsure of its duty as a trustee, it asked for Mr. MacKenzie's consent to the trust's payment of John's treatment expenses. First Alabama informed Mr. MacKenzie that, in the alternative, it would seek a declaratory judgment regarding its duty and regarding the trust's obligation to pay for John's treatment. Mr. MacKenzie did not consent, and First Alabama filed its action for a declaratory judgment.
First Alabama named Mr. MacKenzie, Mrs. MacKenzie, and John MacKenzie as parties to the declaratory judgment action. First Alabama also requested the court's appointment of a guardian ad litem to represent John MacKenzie's interests. The court granted that request and the action proceeded.
In his answer to First Alabama's declaratory judgment action, Mr. MacKenzie averred that the trust agreements prohibited distributions of the trust's principal that would impair the trust's ability to pay the installments due under the note. He also averred that the divorce judgment did not change the trusts' obligation to pay for John's treatment. Mr. MacKenzie raised no defense regarding the lack of a justiciable controversy or the jurisdiction of the court.
At the court's first hearing on the matter, all interested parties appeared in person or through counsel. The hearing was postponed while Mr. MacKenzie's insurance company paid for John's treatment. Several months later Mr. MacKenzie's insurance company refused to make further payments and Anneewakee informed John's guardian ad litem that, unless payment was received, John would be discharged from the hospital.
After an ore tenus hearing, the court entered the following findings and orders:
 "1. The minor, John Wallace MacKenzie, suffers from certain physical and/or mental conditions which require continuing treatment by physicians and others licensed to practice medicine.
 "2. Pursuant to the Judgment of Divorce from the Calhoun County Circuit Court of August 8, 1985, Ian Cowan MacKenzie, the father of John Wallace MacKenzie, is responsible for all 'reasonable and necessary medical, dental, prescription drug, orthodontic, and optometric expenses incurred. . . .'
 "3. The expenses for care and treatment for the minor John Wallace MacKenzie at Anneewakee Hospital, currently known as Inner Harbour Hospitals Limited, is necessary and appropriate, *Page 1370 
and in the judgment of the Court, is a medical expense within the meaning of the divorce decree cited above.
 "4. Ian Cowan MacKenzie is hereby ordered to pay and discharge any and all obligations owed to Anneewakee Hospital/Inner Harbour Hospitals Limited for care and treatment provided to the minor John Wallace MacKenzie until said minor attains the age of majority under the Alabama law which is September 24, 1991.
 "5. In the event said Ian Cowan MacKenzie fails to pay and discharge such obligations in a timely manner, then and in such event, First Alabama Bank is hereby authorized to and is ordered and instructed to pay from the funds of the minor John Wallace MacKenzie such expenses as are reasonable, necessary and appropriate. Immediately thereafter, said First Alabama Bank is hereby authorized and ordered to reimburse the funds to the minor to the extent of such payments by withholding payments otherwise due to Ian Cowan MacKenzie from MacKenzie Trust Alpha, MacKenzie Trust Beta, MacKenzie Trust Delta, and MacKenzie Trust Gamma, to the extent such withholding is necessary in order to recoup the funds owed to the minor John Wallace MacKenzie."
First Alabama's lawyers subsequently petitioned the court for payment of its attorney fees incurred in obtaining the declaratory judgment. The court ordered payment of these attorney fees from the Delta trust. Mr. MacKenzie subsequently filed a motion requesting the court to alter, amend, or vacate its declaratory judgment. In that motion, Mr. MacKenzie argued, among other things, that the court did not have jurisdiction to enter the declaratory judgment. The trial court denied the motion and Mr. MacKenzie appealed, arguing that the court lacked jurisdiction because of the alleged absence of a "justiciable controversy." John, through his guardian, also appealed the court's order that First Alabama's attorney fees be paid from the Delta trust.
The only issue that Mr. MacKenzie raises is whether a "justiciable controversy," sufficient to invoke the circuit court's declaratory judgment authority, existed. Alabama Code 1975, § 6-6-225 states:
 "Any person interested as or through . . . [a] trustee . . . may have a declaration of rights or legal relations in respect thereto:
". . . .
 "(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."
Section 6-6-221 includes the legislature's statements that the declaratory judgment article is intended to "afford relief from uncertainty and insecurity" and that the article should be construed to that end so long as such a construction is consistent with other state law and federal law. Section6-6-222 also authorizes the circuit court to "declare rights, status and other legal relations." "All that is required for a declaratory judgment action is a bona fide justiciable controversy." Gulf South Conference v. Boyd, 369 So.2d 553, 557
(Ala. 1979) (citation omitted).
 "To be justiciable, the controversy must be one that is appropriate for judicial determination. It must be a controversy which is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a decree. 'A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded.' Anderson, Actions for Declaratory Judgments, Volume 1, § 14."
Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385,387 (1969).
In the present case, the trust instrument required First Alabama to use "so much of the [trusts'] income and principal . . . as the trustee determines to be necessary or advisable for [John's] reasonable support, maintenance, comfort and education." The trust instrument also required First Alabama to consider all other sources of income *Page 1371 
available to pay John's expenses. John's mother requested that First Alabama use the trusts to pay for John's treatment. First Alabama had a duty to do so, provided that John's other sources of income failed to pay. First Alabama knew that the divorce judgment obligated Mr. MacKenzie to "pay for all reasonable and necessary medical, dental, prescription drug, orthodontic, and optometric expenses incurred on behalf of the parties' minor children." First Alabama was also aware that the trusts' legal obligation to pay Mr. MacKenzie's note could be jeopardized if the trust paid for John's treatment. First Alabama could allow John's treatment to be discontinued, thus jeopardizing John's welfare, and then possibly be sued by John for breach of fiduciary duty. First Alabama could pay for John's treatment and then possibly be sued by Mr. MacKenzie if or when the Delta trust could no longer meet its legal obligations on the note. Alternatively, First Alabama could have the circuit court review the situation and enter a declaratory judgment determining the proper administration of the trust. We think the trial court properly found a justiciable controversy.
John MacKenzie's appeal raises a separate issue relating to the propriety of the circuit court's order that First Alabama's attorney fees be paid from the Delta trust's income and proceeds. As part of his argument, John's guardian ad litem argues that "no bona fide doubt [existed] as to the particular course that [First Alabama] should pursue when requested to pay [John's] medical bills." In other words, the guardian says that no "justiciable controversy" existed. Because this Court has already determined that First Alabama's position as trustee and the trusts' potentially conflicting obligations created a "justiciable controversy," the arguments on this issue will not be addressed. Because a "justiciable controversy" existed, the court had authority to enter the declaratory judgment. With the authority to enter the declaratory judgment came the authority to "make such award of costs as may seem equitable and just." Ala. Code 1975, § 6-6-231. See also §§ 19-3-6 and 34-3-60.
For these reasons, we affirm the trial court's declaratory judgment and its order that First Alabama's attorney fees be paid from the Delta trust.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
INGRAM, J., dissents.
[1] In MacKenzie v. MacKenzie, 486 So.2d 1289 (Ala.Civ.App. 1986), the Court of Civil Appeals held that the income from the trusts did not satisfy Mr. MacKenzie's obligation to pay child support.