On Rehearing Ex Mero Motu

PER CURIAM.
This Court’s opinion of January 29, 2010, is withdrawn, and the following is substituted therefor. These appeals are from a ruling of the St. Clair Circuit Court upholding an ordinance adopted by the City of Ashville (“the City”) regulating bingo games within the City. On rehearing ex mero motu, we dismiss these appeals because there is no justiciable controversy.

Facts and Procedural History

On July 22, 1992, Amendment No. 542, Ala. Const. 1901 (now Local Amendments, St. Clair County, § 2 (Off.Recomp.)), was ratified. That amendment, which applies *91 only to St. Clair County, states: “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in St. Clair County....” This authorization, however, is “subject to the provisions of any resolution or ordinance by the county governing body or the governing bodies of the respective cities and towns within their respective jurisdictions as provided by law regulating such operation.” The amendment goes on to specify the authority of these governing bodies to regulate bingo games.
Act No. 91-710, Ala. Acts 1991, the “St. Clair County Bingo Act,” and an act amending it, Act No. 93-687, Ala. Acts 1993, regulate the operation of bingo games in St. Clair County. Both acts define “bingo” as “that game commonly known as bingo where numbers or symbols on a card are matched with numbers or symbols selected at random.”
On December 22, 2008, the city council of the City adopted City Ordinance No. 2008-0011 (“the ordinance”). The ordinance sets forth rules and regulations for licensing, permitting, and operating “machine bingo games” within the City. Among other things, the ordinance sets forth definitions of “bingo,” “bingo games,” and “machine bingo games.” The ordinance provides that no entity may operate machine bingo games without a permit from the City and provides a process for acquiring such a permit.
Subsequently, American Legion, Post 170 (“Post 170”), applied for a “machine-bingo permit” to operate electronic bingo games at a “machine-bingo facility,” and Shooting Star Entertainment Group, LLC (“Shooting Star”), applied for a permit to establish such a machine-bingo facility. On December 30, 2008, the City filed a declaratory-judgment action, naming as defendants Post 170, Shooting Star, and the sheriff of St. Clair County, Terry Surles. The complaint essentially alleged that Sheriff Surles had indicated that he believed that “electronic, video, or machine bingo” was illegal and that he had “advised that when licensees or permitees [sic] start up machine bingo operations” pursuant to the ordinance, the participants would be arrested. The City thus sought a judgment declaring that the ordinance
“is in compliance with the Constitution and the laws of the State of Alabama, that electronic, video or machine bingo is lawful in St. Clair County, Alabama, and is authorized by the Constitution and that licenses or permits issued to [Post 170 and Shooting Star] are consistent and in compliance with [the ordinance], and with the Constitution and laws of the State of Alabama; that any participant playing or in possession of electronic or video bingo machines authorized by [the ordinance] and pursuant to permits and/or licenses issued by the [City], [is] in compliance with the laws of the State of Alabama, including its Constitution.”
Both Shooting Star and Post 170 were later realigned as plaintiffs.
Sheriff Surles answered the complaint and filed a counterclaim for a declaratory judgment. The counterclaim asserted that the City “seeks to allow [Post 170 and Shooting Star] to operate ... an illegal lottery/gambling operation that they classify as machine bingo” and sought a judgment declaring that “machine bingo” uses instruments that are “gambling devices” under Alabama law. Further, Sheriff Surles sought a declaration that the operation of such “machine-bingo” devices is forbidden by Ala. Const. 1901, art. IV, § 65, and Ala.Code 1975, §§ 13A-12-23, -27, -30, and -70, and that the operations proposed by the City, Post 170, and Shooting Star are illegal lotteries or gambling *92 schemes. Further, Sheriff Surles sought a declaration that the ordinance is unconstitutional under Amendment No. 542, which, he argued, required that bingo be played on “cards” that are to be taxed, and that the ordinance violated Act No. 91-710 and Act No. 93-687.
On February 3, 2009, Richard J. Minor, the district attorney of St. Clair County, filed a complaint and a motion to intervene in the case as a defendant. Minor alleged that, as district attorney of St. Clair County, he was charged with enforcing state law. Post 170 and Shooting Star, he alleged, sought to operate bingo-gaming devices that were illegal under both Ala. Const. 1901, art. IV, § 65, and Amendment No. 542. Neither the ordinance nor the local acts regulating bingo in St. Clair County, Minor contended, could authorize those devices. The trial court granted Minor’s motion to intervene.[1]
Trial was held on March 17, 2009. On March 30, 2009, the trial court entered an order upholding the ordinance.
Sheriff Surles and District Attorney Minor filed a notice of appeal (case no. 1080826). The attorney general filed a notice of appearance in the trial court and also filed a separate notice of appeal (case no. 1081015). We consolidated the appeals for the purpose of writing one opinion.
Governor Bob Riley filed several motions in this Court, seeking to intervene as an appellant in these appeals or to file an amicus curiae brief on behalf of Sheriff Surles or District Attorney Minor in case no. 1080826. This Court ultimately granted the Governor’s motion to intervene. Minor and the Governor have filed a joint brief; Sheriff Surles has filed his own brief; and the attorney general has filed a brief on behalf of the State of Alabama.

Discussion

On appeal, Sheriff Surles, District Attorney Minor, and Governor Riley argue that the definition of “bingo” provided in the ordinance is unconstitutionally broad and that the ordinance conflicts with precedent of this Court holding that local amendments excepting bingo from the general prohibition on lotteries in § 65 of the Alabama Constitution must be narrowly construed to encompass only the game commonly known as bingo. This Court’s original opinion addressed the merits of the issues on appeal; however, before certificates of judgment were issued, this Court, ex mero motu, placed the cases on rehearing to determine whether the trial court had jurisdiction over the underlying action.
This Court must sua sponte recognize and address the lack of subject-matter jurisdiction owing to the lack of justiciability-
“ ‘ “[Jjusticiability is jurisdictional,” Ex parte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala.1998); hence, if necessary, “this Court is duty bound to notice ex mero motu the absence of subject matter jurisdiction.” ’ Baldwin County [v. Bay Minette], 854 So.2d [42] at 45 [ (Ala. *93 2003) ] (quoting Stamps [v. Jefferson County Bd. of Educ.], 642 So.2d [941] at 945 n. 2 [ (Ala.1994) ]). If we determine that a complaint fails to state a justicia-ble claim, we are obliged to conclude that the trial court lacked jurisdiction over that complaint; such a complaint therefore would not require the filing of a responsive pleading.”
Bedsole v. Goodloe, 912 So.2d 508, 518 (Ala.2005).
Although the Declaratory Judgment Act, codified at Ala.Code 1975, §§ 6— 6-220 through -232 (“the Act”), provides for actions to declare the legal rights, status, and relations of parties, the Act does not “ ‘ “empower courts to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.” ’ ” Bruner v. Geneva County Forestry Dep’t, 865 So.2d 1167, 1175 (Ala.2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963) (emphasis added in Stamps)).
“This Court has emphasized that declaratory-judgment actions must ‘settle a “bona fide justiciable controversy.” ’ Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala.2003) (quoting Gulf South Conference v. Boyd, 369 So.2d 553, 557 (Ala.1979)). The controversy must be ‘ “definite and concrete,” ’ must be “‘real and substantial,”’ and must seek relief by asserting a claim opposed to the interest of another party ‘ “upon a state of facts which must have accrued.” ’ Baldwin County, 854 So.2d at 45 (quoting Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387 (1969)). ‘ “Declaratory judgment proceedings will not lie for an ‘anticipated controversy.’ ” ’ Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002) (quoting City of Dothan v. Eighty-Four West, Inc., 738 So.2d 903, 908 (Ala.Civ.App.1999)).”
Bedsole, 912 So.2d at 518.
As noted above, the City’s complaint alleged that Sheriff Surles had indicated that he believed that certain bingo games authorized under the ordinance would be illegal and that he had “advised that when licensees or permitees [sic] start up machine bingo operations” pursuant to the ordinance, the participants would be arrested. The City thus sought a judgment declaring that any future participant playing or in possession of electronic or video bingo machines authorized by the ordinance would be in compliance with Alabama law.
The City’s complaint describes merely anticipated conduct accompanied by a request, which assumes that the anticipated conduct will take place, for an advisory opinion as to the validity of the ordinance authorizing such conduct. However, to be appropriate for judicial determination, a controversy must be justicia-ble. “ ‘ “A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded.... ” Anderson, Actions for Declaratory Judgments, Volume 1, § 14.’ ” Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala. 2003) (quoting Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387 (1969) (emphasis added in Copeland)). “Thus, ‘[declaratory judgment proceedings will not lie for an “anticipated controversy.” ’ ” Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So.2d 285, 288 (Ala.2002) (quoting City of Dothan v. Eighty-Four West, Inc., 738 So.2d 903, 908 (Ala.Civ.App.1999)). A bona fide justicia-ble controversy necessary for a declarato *94 ry-judgment action is present where “ ‘legal rights are thwarted or affected [so as] to warrant proceedings under the Declaratory Judgment statutes.’ ” Creola Land Dev., 828 So.2d at 288 (quoting Town of Warrior, 275 Ala. at 114, 152 So.2d at 662).
“A case is justiciable when the party ‘ “has been injured in fact.” ’ Kid’s Care, Inc. v. Alabama Dep’t of Human Res., 843 So.2d 164, 166 (Ala.2002) (quoting State v. 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999)). Moreover, a justiciable controversy requires the parties to seek remedies from having sustained damage as opposed to seeking advice from the Court.”
Birmingham Bd. of Educ. v. Boyd, 877 So.2d 592, 594 (Ala.2003).
In the instant action, there exists only an anticipated controversy; there has been no damage or injury to the parties, nor have any legal rights been thwarted or affected. Thus, the City’s action seeks only advice — not the resolution of a yet realized controversy. Such an action is nonjusticiable. Ex parte Johnson, 993 So.2d 875, 884 (Ala.2008) (“[A]ny attempt to obtain a declaratory judgment as to a hypothetical future controversy is beyond the subject-matter jurisdiction of the circuit courts.”). Therefore, the trial court was without subject-matter jurisdiction; its judgment is void and will not support these appeals, which we now dismiss.
1080826 — ON REHEARING EX MERO MOTU: OPINION OF JANUARY 29, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
1081015 — ON REHEARING EX MERO MOTU: OPINION OF JANUARY 29, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
COBB, C.J., and LYONS, WOODALL, STUART, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
BOLIN and SHAW, JJ., dissent.

. On February 26, 2009, the attorney general filed an acknowledgment of service of Sheriff Surles’s answer and counterclaim and, because the State was being represented by Minor, waived any further service and right to~ be heard at the trial court level. The filing stated:
"Because, at the trial level, the State is represented in this matter by the Honorable Richard J. Minor, District Attorney of the 30th Judicial Circuit, the Attorney General, having accepted service, hereby waives any further service upon him of any pleadings, discovery and other matters filed in this matter at the trial level, and further waives his right to be heard at the trial level. The Attorney General reserves all rights and privileges, including any notice of pleadings, right to be heard and other matters, on appeal, if any, in this matter.”