MURDOCK, Justice
(concurring specially, as substituted on denial of application for rehearing on January 24, 2013).
I have struggled mightily to reason my way past the redressability barrier cited in the main opinion. Having failed in that endeavor, I am compelled to concur.
The redressability barrier before us is, as the main opinion indicates, the same redressability barrier that has been referred to by the United States Supreme Court as part of “the irreducible constitutional minimum of standing”:
“The ‘irreducible constitutional minimum of standing contains three requirements. Lujan v. Defenders of Wildlife, [504 U.S. 555] at 560 [ (1992) ]. First and foremost, there must be alleged (and ultimately proved) an ‘injury in fact’ — a harm suffered by the plaintiff that is ‘concrete’ and ‘actual or immi *290 nent, not “conjectural” or “hypothetical.” ’ Whitmore v. Arkansas, [495 U.S. 149] at 155 (1990) ] (quoting Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983)). Second, there must be causation — a fairly traceable connection between the plaintiffs injury and the complained-of conduct of the defendant. Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976). And third, there must be redressability — a likelihood that the requested relief will redress the alleged injury. Id., at 45-46; see also Warth v. Seldin, 422 U.S. 490, 505 (1975). This triad of injury in fact, causation, and redressability constitutes the core of Article Ill’s ease-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990).”
Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102-03, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (footnote omitted).[6]
Justice Scalia wrote for the majority in Steel that it was not necessary to decide “whether being deprived of information that is supposed to be disclosed” under the public-information law at issue there was “a concrete injury in fact that satisfies Article III ... because, [even] assuming injury in fact, the complaint fails the third test of standing, redressability.”[7] 523 U.S. at 105. Similarly in the present case, we may assume for the sake of discussion that the plaintiffs have suffered a concrete injury and that there is a sufficient causal link between this injury and the Commissioners’ violation of the statute. See also note 9, infra. Nonetheless, given the absence of a claim for reinstatement, the plaintiffs are in no better position vis-a-vis the requirement of redressability than was the plaintiff in Steel, about whose claim the Supreme Court noted as follows:
“The complaint asks for (1) a declaratory judgment that petitioner violated EPCRA [Emergency Planning and Community Right-to-Know Act of 1986, 42 U.S.C. § 11001 et seq.]; (2) authorization to inspect periodically petitioner’s facility and records (with costs borne by petitioner); (3) an order requiring peti *291 tioner to provide respondent copies of all compliance reports submitted to the [Environmental Protection Agency]; (4) an order requiring petitioner to pay civil penalties of $25,000 per day for each violation of §§ 11022 and 11028; (5) an award of all respondent’s ‘costs, in connection with the investigation and prosecution of this matter, including reasonable attorney and expert witness fees, as authorized by Section 826(f) of [EP-CRA]’; and (6) any such further relief as the court deems appropriate. None of the specific items of relief sought, and none that we can envision as ‘appropriate’ under the general request, would serve to reimburse respondent for losses caused by the late reporting, or to eliminate any effects of that late reporting upon respondent.”
523 U.S. at 105-06 (emphasis added).
As Justice O’Connor stated in her special concurrence in Steel:
“I agree that our precedent supports the Court’s holding that respondent lacks Article III standing because its injuries cannot be redressed by a judgment that would, in effect, require only the payment of penalties to the United States Treasury.”
523 U.S. at 110 (O’Connor, J., concurring specially) (emphasis added). Likewise, the plaintiffs’ loss of their jobs in the present case “cannot be redressed by a judgment that would, in effect, require only the payment of penalties to the [Alabama] treasury.” [8]
That said, I believe it is important to take note of what is not before us in this case. First, we do not have before us a claim by which a media organization or a citizen seeks to enjoin an anticipated future violation of the statute, or even one in which the circumstances attendant to multiple (or perhaps even one) prior violation supports an inference that such violations will continue in the future but might be deterred by the judicial declaration of one or more such prior offenses and punishment for the same. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185-86, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (holding that in an appropriate case civil penalties can “afford redress to citizen plaintiffs who are injured or threatened with injury as a consequence of ongoing unlawful conduct”); Steel, 523 U.S. at 110 (O’Connor, J., concurring specially) (“[H]ad respondent alleged a continuing or imminent violation of the Emergency Planning and Community Right-To-Know Act of 1986 *292 (EPCRA), 42 U.S.C. § 11046, the requested injunctive relief may well have redressed the asserted injury”). Compare also, e.g., Federal Election Comm’n v. Akins, 524 U.S. 11, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (finding redressability requirement satisfied in a public-information case in which the plaintiffs sought, among other things, an injunction to require a public-interest organization to make public certain information required to be disclosed by the Federal Election Commission Act of 1971).
Nor is this a case brought as permitted by § 36-25A-9(a), Ala.Code 1975, by the attorney general or the district attorney, officials constitutionally imbued with standing to act on behalf of the public for whose benefit the law was intended.
And finally, although an argument can be made that we do have before us today a case in which the plaintiffs can draw a sufficient connection between a private meeting of a public body and some action of that body that has injured them so as to satisfy the injury and causation elements of standing,[9] the case before us is not one in which the plaintiffs seek, to be relieved of their specific injury, i.e., to be reinstated to their former positions of employment. See generally § 36-25A-9(f), Ala.Code 1975 (providing that the court may under certain circumstances invalidate an action taken during a meeting held in violation of the Open Meetings Act).[10]
Consequently, all the plaintiffs can achieve for themselves in the case that is before us is the psychological satisfaction of knowing that those who purportedly injured them have been forced to pay a fine to the State. I agree with the main opinion that this is not enough. As our Court of Civil Appeals explained recently in Alabama Department of Environmental Management v. Friends of Hurricane Greek, 114 So.3d 47, 54 (Ala.Civ.App.2012):
“Any ... injury done to [plaintiffs] resulting from the possible continued exis *293 tence of turbid waters downstream from the developer’s Williamsburg development will thus not be remedied; rather, [the plaintiffs] will derive only the abstract satisfaction that a perceived wrongdoer such as the developer has received what might be viewed as ‘just desserts’ for environmental violations. Such ‘[rjelief that does not remedy the injury’ does not satisfy the-redressability element of standing. Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).”

. The terminology of the Alabama Constitution limiting jurisdiction to cases and controversies is not unlike the language of the United States Constitution upon which the so-called "case-or-controversy requirement” noted in Steel is based. Indeed, no clause of the United States Constitution groups the words "case or controversy” into a single phrase. Article III, § 2, of the United States Constitution provides that the judicial power "shall extend to all Cases, in Law and Equity, arising under the Constitution, the Laws of the United States, and Treaties made.” The terms "case” and "controversy” are dispersed throughout other clauses of Article III to grant judicial power as to specific subjects. Article VI, § 142 of the Alabama Constitution grants circuit courts power over "cases,” and § 140 of the same article provides this Court power over "cases and controversies as provided by this Constitution.” We have construed Article VI, § 139, Ala. Const. of 1901 (as amended by Amend. No. 328, § 6.01), to vest this Court "with a limited judicial power that entails the special competence to decide discrete cases and controversies involving particular parties and specific facts.” Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala. 1999). See also Copeland v. Jefferson Cnty., 284 Ala. 558, 226 So.2d 385 (1969) (holding that our courts decide only "concrete controversies” between adverse parties).

. The notion of concrete injury has in fact been applied more liberally in so-called "public-information” cases. See, e.g., Public Citizen v. United States Dep't of Justice, 491 U.S. 440, 449, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) ("Our decisions interpreting the Freedom of Information Act have never suggested that those requesting information under it need show more than that they sought and were denied specific agency records.”).

. I note that Steel does not involve a. governmental defendant. It does however, involve a suit to require a third party to fulfill an obligation that, whatever else may be said of it, clearly was intended by Congress as an obligation to disclose information for the benefit of the public at large. In that sense, it arguably can be considered a "public-law” case. In any event, in those relatively rare cases (like Steel) in which a legislature purports to create by statute a cause of action and to legislatively prescribe elements of the same in which are not embedded all three of the components of standing (a circumstance that to my knowledge is unknown to common-law causes of action and that is unknown to almost all statutorily created causes), it has attempted to give the court jurisdiction over something that it cannot, because that something is not a case or controversy. Such was the case in Steel and such is the case here, at least given the limited nature of the relief requested in this case. As the author of this Court’s recent opinion in Ex parte BAC Home Loans Servicing, LP, [Ms. 1110373, September 13, 2013] - So.3d - (Ala.2013), I must confess that the statements in BAC suggesting a limitation of standing to public-law cases involving governmental defendants would be better understood as statements of a general rule that admits of the aforesaid exception, but only in rare instances involving inadequately formed statutory causes of action as in Steel.

. See Massachusetts v. E.P.A., 549 U.S. 497, 518, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007), citing with approval Sugar Cane Growers Cooperative of Fla. v. Veneman, 289 F.3d 89, 94—95 (C.A.D.C.2002), for the proposition that ‘‘[a litigant] who alleges a deprivation of a procedural protection to which he is entitled never has to prove that if he had received the procedure the substantive result would have been altered. All that is necessary is to show that the procedural step was connected to the substantive result.” As the Court in Lujan v. Defenders of Wildlife, 504 U.S. 555, 573 n. 7, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), noted, ”[t]here is this much truth to the assertion that 'procedural rights' are special: The person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy. Thus, under our case law, one living adjacent to the site for proposed construction of a federally licensed dam has standing to challenge the licensing agency’s failure to prepare an environmental impact statement, even though he cannot establish with any certainty that the statement will cause the license to be withheld or altered, and even though the dam will not be completed for many years.” Nonetheless, there must at least be some likelihood that the relief sought will prevent, undo, or compensate the plaintiff for a threatened or past violation of rights or other injury that provides the basis for standing.

. But see § 36-25A-9(f) (stating that an action taken at an open meeting conducted in accordance with the Act shall not be invalidated because of a violation that occurred prior to such meeting). The plaintiffs argue in this case that the decision to terminate their employment actually occurred in the noncompliant meeting of which they complain. The issues surrounding that assertion, however, are issues of the plaintiffs' ability to allege, or prove, a cause of action (as to which neither I nor this Court expresses any view today), not an issue of standing. See, e.g., Ex parte BAC Home Loans Servicing, LP, [Ms. 1110373, September 13, 2013] — So.3d -(Ala. 2013).