SHAW, Justice
(dissenting).
I respectfully dissent. I am not convinced that the test for determining standing under federal law, set forth in Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), is applicable in this ease. The standing analysis in Lujan is closely tied to the “case or controversy” provision in Article III of the United States Constitution, which grants judicial power to the federal judiciary. Lujan, 504 U.S. at 560 (“[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.”). The source of the third prong of the Lujan analysis, redressability, upon which the main opinion turns, looks to whether a plaintiff has a personal stake in the litigation.
The Alabama Constitution does not have a “cases or controversy” provision, but we have followed a similar analysis:
“[S]tanding[ ] goes to whether a party has a sufficient ‘personal stake’ in the outcome and whether there is sufficient ‘adverseness’ that we can say there is a ‘case or controversy.’
“‘Standing goes to the existence of sufficient adversariness to satisfy both Article III case-or-controversy requirements and prudential concerns. In determining standing, the nature of the injury asserted is relevant to determine the existence of the required personal stake and concrete adverseness.’
“13A Federal Practice & Procedure § 3531.6.
“Although the Alabama Constitution does not have the same Article III language as is found in the Federal Constitution, this Court has held that Section 139(a) of the Alabama Constitution limits the judicial power of our courts to ‘cases and controversies’ and to ‘concrete controversies between adverse parties.’ As Justice Lyons has stated:
“‘Standing is properly limited to circumstances stemming from lack of justiciability. A plaintiff must be so situated that he or she will bring the requisite adverseness to the proceeding. A plaintiff must also have a direct stake in the outcome so as to prevent litigation, initiated by an interested bystander with an agenda, having an adverse impact on those whose rights are directly implicated. See Diamond v. Charles, 476 U.S. 54, 61-62, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986).
“ ‘Much of the precedent in the area of standing comes from federal courts subject to the case-or-controversy requirement of Article III of the United States Constitution. Of course, we do not have a case-or-controversy requirement in the Alabama
*294 Constitution of 1901, but our concepts of justiciability are not substantially dissimilar. See Pharmacia Corp. v. Suggs, 932 So.2d 95 (Ala.2005), where this Court, after noting the absence of a case-or-controversy requirement in our Constitution, observed:
“ ‘ “We have construed Art. VI, § 139, Ala. Const, of 1901 (as amended by amend, no. 328, § 6.01, vesting the judicial power in the Unified Judicial System), to vest this Court ‘with a limited judicial power that entails the special competence to decide discrete cases and controversies involving particular parties and specific facts.’ Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999). See also Copeland v. Jefferson County, 284 Ala. 558, 226 So.2d 385 (1969) (courts decide only concrete controversies between adverse parties).” ’
“Hamm [v. Norfolk So. Ry.], 52 So.3d [484] at 500 [ (Ala.2010) ] (Lyons, J., concurring specially).”
Ex parte McKinney, 87 So.3d 502, 513 (Ala.2011) (Murdock, J., dissenting).[11] The focus of Alabama law regarding standing, generally, is on whether the parties have a “sufficient personal stake in the outcome” in the case, whether their interests are sufficiently “adverse,” and whether the plaintiff is “so situated” that he or she will bring “the requisite adverseness” to the proceeding.
It is well settled that the legislature may provide for a cause of action and may supply subject-matter jurisdiction to the courts of this State. Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006) (“The jurisdiction of Alabama courts is derived from the Alabama Constitution and the Alabama Code.”). Here, the legislature, through the Open Meetings Act, Ala.Code 1975, § 36-25A-1 et seq. (“the Act”), has provided a cause of action, has designated who may file the action, and has designated the remedies. Specifically, the Act provides, among other things, that certain meetings by certain governmental bodies must be open to the public. A “civil action” may be brought by “any Alabama citizen” to enforce the Act. Ala.Code 1975, § 36-25A-9(a) (“Enforcement of this chapter may be sought by civil action brought ... by ... *295 any Alabama citizen.... ”). The trial court may provide relief in various forms, including the imposition of civil penalties. § 36-25A-9(g).
Pizzato and Howland allege in their complaint that certain members of the Alabama Educational Television Commission were motivated by personal, political, and religious views and that they made “threats” against Pizzato and others. They allege that Pizzato’s “general reputation, character, and job performance,” as well as Howland’s “job performance,” were discussed in a closed meeting in violation of the Act and that, immediately after the meeting, their employment was terminated. They seek the imposition of civil penalties under Aa.Code 1975, § 36-25A-9(g) — the only relief apparently available to them — for the commissioners’ alleged violation of the Act in a meeting where the apparent decision to terminate Pizzato’s and Howland’s employment was made. This action is not pursued by a disinterested third party or stranger to the incident, but rather by the parties who were allegedly wronged by a procedure that purportedly did not comply with Aabama law. It seems to me that the allegations in Pizzato and Howland’s complaint indicate that their interests are sufficiently “adverse” to those of the petitioners and that they are “so situated” that they bring “the requisite adverseness” to the proceeding. For all that appears, this fulfills the requirements of standing.

. Our previous decisions applying Lujan that are cited in the main opinion involve general challenges to whether certain elections or legislative acts were constitutional. See Ex parte King, 50 So.3d 1056, 1059 (2010) (holding that there was "no injury” under Lujan to the plaintiffs in an action challenging the propriety and constitutionality of an election occurring over 100 years before the suit was filed); Muhammad v. Ford, 986 So.2d 1158, 1162 (Ala.2007) (holding in a case challenging the constitutionality of a constitutional amendment providing for "bingo” gaming that there was no actual, concrete, and particularized injury where the plaintiffs alleged that they were injured because they were denied the opportunity to live in a county in which a valid law on bingo-game operations existed); Town of Cedar Bluff v. Citizens Caring for Children, 904 So.2d 1253, 1256 (Ala.2004) (holding that an elector presenting a constitutional challenge to an election legalizing the sale of alcohol had failed to show a particularized injury); and Alabama Alcoholic Beverage Control Bd. v. Henri-Duval Winery, L.L.C., 890 So.2d 70, 74 (Ala.2003) (holding that there was no injury where the plaintiff challenged the constitutionality of, and sought a refund for, a tax that it was not required to pay). I believe that in such general challenges to government action, the Lujan analysis is helpful. In the instant case, however, we do not have a general constitutional challenge. Instead, we have a very specific cause of action provided by Alabama law, which provides a very limited form of relief. Further, we have not strictly followed the three Lujan factors. See, e.g., Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111 (Ala.2003) (holding that a plaintiff who suffered no damage had standing despite Lujan, because she had suffered a "legal wrong” and an "invasion of a legally protected interest”).