SHAW, Justice
(dissenting).
I respectfully dissent. I disagree with the holding of the main opinion that William T. Ezell did not have what must be standing under Act No. 1619, Ala. Acts 1971 (“the Act”), to pursue the appeal in the circuit court. In my dissenting opinion in Ex parte Alabama Educational Television Commission, 151 So.3d 283, 293-94 (Ala.2003), I explained my view that “standing” under Alabama law exists where the legislature has specifically provided a person with a cause of action (or here, an appeal) and where the interests of the parties, are sufficiently “adverse”:
“ ‘[S]tanding[ ] goes to whether a party has a sufficient “personal stake” in the outcome and whether there is sufficient “adverseness” that we can say there is a “case or controversy.”
“‘“Standing goes to the existence of sufficient adversariness to satisfy both Article III case-or-controversy requirements and prudential concerns. In determining standing, the nature of the injury asserted is relevant to determine the existence of the required personal stake and concrete adverseness.”
“ ‘13A Federal Practice & Procedure § 3531.6.
‘“Although the Alabama Constitution does not have the same Article III language as is found in the Federal Constitution, this Court has held that Section 139(a) of the Alabama Constitution limits the judicial power of our courts to “eases and controversies” and to “concrete controversies between adverse parties.” As Justice Lyons has stated:
“ ‘ “Standing is properly limited to circumstances stemming from lack of justiciability. A plaintiff must be so situated that he or she will bring the requisite adverseness to the proceeding. A plaintiff must also have a direct stake in the outcome so as to prevent litigation, initiated by an interested bystander with an agenda, having an adverse impact on those whose rights are directly implicated. See Diamond v. Charles, 476 U.S. 54, 61-62, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986).
“ ‘ “Much of the precedent in the area of standing comes from federal courts subject to the case-or-controversy requirement of Article III of the United States Constitution. Of course, we do not have a case-or-controversy requirement in the Alabama Constitution of 1901, but our concepts of justiciability are not substantially dissimilar. See Pharmacia Corp. v. Suggs, 932 So.2d 95 (Ala.2005), where this Court, after noting the absence of a case-or-controversy requirement in our Constitution, observed:
“ ‘ “ ‘We have construed Art. VI, § 139, Ala. Const. of 1901 (as amended by amend, no. 328, § 6.01, vesting the judicial power in the Unified Judicial System), to vest this Court “with a limited judicial power that entails the special competence to decide discrete cases and controversies involving particular parties and specific facts.” Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999). See also Copeland v. Jefferson County, 284 Ala. 558, 226 So.2d 385 (1969) (courts decide only concrete controversies between adverse parties).’ ”
“ ‘Hamm[ v. Norfolk So. Ry.], 52 So.3d [484] at 500 [ (Ala.2010) ] (Lyons, J., concurring specially).’
*460 “Ex parte McKinney,, 87 So.3d 502, 513 (Ala.2011) (Murdock, J., dissenting). The focus of Alabama law regarding standing, generally, is on whether the parties have a ‘sufficient personal stake in the outcome’ in the case, whether their interests are sufficiently ‘adverse,’ and whether the plaintiff is ‘so situated’ that he or she will bring ‘the requisite adverseness’ to the proceeding.
“It is well settled that the legislature may provide for a cause of action and may supply subject-matter jurisdiction to the courts of this State. Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006) (‘The jurisdiction of Alabama cornets is derived from the Alabama Constitution and the Alabama Code.’).”
(Footnote omitted.)
The Act provides that, from “any final decision of [the Civil Service Board of the City of Florence (‘the CSB’) ], any party, including the governing body of the city, feeling aggrieved at the decision of the [CSB], may appeal from any such decision to the Circuit Court of the County.” Certainly Ezell was “feeling aggrieved” by the CSB’s decision: the CSB declined to award him the promotion and, according to his complaint, the CSB failed to follow its own rules and the rules of the City of Florence Fire and Rescue Department in making its promotion decision. The legislature has provided Ezell the means to appeal this decision; I believe that he and the CSB have sufficient stakes in the outcome and have the requisite adverseness to provide Ezell “standing” in this case. To the extent that the main opinion holds that Ezell had no standing because he was unable to prove that the CSB failed to follow its rules or that his legal rights were otherwise impacted by the CSB’s decision to promote someone other than him to the position of battalion chief, the main opinion appears to signal a retreat from this Court’s recent caselaw distinguishing a lack of standing from the inability to prove the merits of one’s case. See Poiroux v. Rich, 150 So.3d 1027 (Ala.2014); Ex parte MERSCORP, Inc., 141 So.3d 984 (Ala. 2013); and Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31 (Ala.2013). I do not believe that the circuit court’s judgment is void on the ground that Ezell lacked standing; therefore, I dissent.